**Harlin Joe SCHENCK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–82–0530–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

April 21, 1983.

Discretionary Review Refused July 20, 1983.

Douglas O'Brien, Houston, for appellant.

Wiston Cochran, Houston, for appellee.

Before EVANS, C.J., and DOYLE and COHEN, JJ.

## OPINION

COHEN, Justice.

Appellant was convicted after a jury trial of the offense of burglary of a habitation. His punishment was assessed by the court at forty-five years imprisonment after one prior felony conviction was proved to be true, as alleged in an enhancement paragraph. Appellant brings three grounds of error.

In his first ground of error appellant argues that the evidence is insufficient to support the judgment because the victim, William Duncan, never expressly stated that he did not give effective consent to the appellant to enter his habitation. Although Mr. Duncan never used the words "effective consent" in negating appellant's consent to enter, it is permissible that consent be negated by circumstantial evidence. This has been approved in cases of burglary with intent to commit theft, *Taylor v. State,* 508 S.W.2d 393 (Tex.Cr.App.1974), burglary with the intent to commit sex abuse, *Kirvin v. State,* 575 S.W.2d 301, 303 (Tex.Cr.App.1978), and burglary with intent to commit rape. *Prescott v. State,* 610 S.W.2d 760, 763 (Tex.Cr.App.1981). Among the facts used in these cases to show that the burglar lacked consent to enter were

that the victim was not at home at the time of the entry; that the victim did not know the burglar prior to the crime; and that the house had been ransacked. In this case, Mr. Duncan testified that he returned home to find that his front door was ajar and had been "jimmied"; that his household possessions were in total disarray within his residence; and he called the police immediately. Duncan further testified that he alone lived in the residence; that he did not know the appellant and had never seen him before the trial; and that nothing in the house had been disturbed when Duncan had left for work that morning. Furthermore, the appellant testified that he had never been on Kenilworth Street, the location of the victim's house, which negates any hypothesis that he entered Mr. Duncan's house with consent. On the contrary, appellant's version of the facts was that he never entered the house at all. On the basis of *Taylor, Kirvin,* and *Prescott,* all *supra,* we believe this was sufficient to prove lack of consent by circumstantial evidence. See also *Thomas v. State,* 645 S.W.2d 798 (Tex. Cr.App.1983).

Ground of error one is overruled.

In ground of error two, appellant complains that evidence of an extraneous offense was wrongly admitted. The prosecutor was offering pictures of property found in appellant's possession at the time of his arrest when the prosecutor referred to one picture as showing a "fur coat belonging to Anita Parks." No evidence had been adduced regarding Anita Parks. Appellant's trial counsel initially objected that this was outside the record, and the court sustained the objection and instructed the jury to disregard the prosecutor's statement, but denied appellant's motion for mistrial. The prosecutor later referred again to the same exhibit as a fur coat taken from the defendant's trunk, at which time appellant's counsel argued that the prosecutor was testifying to items not in evidence, an objection which the court overruled.

■ We note at the outset that neither objection made by appellant's counsel at trial complained about an extraneous of-

fense. Since the objection made at trial is different from that made on appeal, nothing is presented for review. *LeJeune v. State,* 538 S.W.2d 775, 780 (Tex.Cr.App. 1976).

■ Furthermore, a reference to the property of Anita Parks being in appellant's possession does not necessarily connote an extraneous offense. Anita Parks was not the complainant in this case and there is nothing unusual about one person being in consensual possession of another's property. The mere fact that one possesses the property of another gives no inference that the possessor has committed a crime.

Finally, even if the prosecutor's statement does suggest an extraneous offense, the prejudice is certainly not sufficient to cause reversal in view of the minor prejudicial effect the statement may have had. Compare *Thompson v. State,* 612 S.W.2d 925, 928 (Tex.Cr.App.1981) in which very prejudicial evidence regarding an extraneous murder case was held cured by the trial court's instruction to disregard.

The only authorities relied upon by appellant, *Nichols v. State,* 378 S.W.2d 335, 336–38 (Tex.Cr.App.1964) and *Reed v. State,* 522 S.W.2d 466, 467–70 (Tex.Cr.App.1975) are distinguishable. Both had to do with polygraph examinations and questions concerning them, a subject not involved here, and the *Reed* case was affirmed despite the error.

Ground of error number two is overruled.

■ In ground of error number three, appellant complains that the trial court committed reversible error by submitting a charge regarding the presumption of appellant's guilt arising from his recent, unexplained possession of stolen property without properly charging the jury under the provisions of Tex.Penal Code Ann. § 2.05(2) (Vernon Supp.1982).

Appellant made no request for such a charge and no objection to the absence of such a charge. Consequently, only fundamental error will be considered. He relies on *Slagle v. State,* 570 S.W.2d 916 (Tex.Cr.

App.1978), in which the court affirmed a judgment and rejected an argument that reversal was required in the absence of objection due to the court's failure to give such a charge. Although the court in *Slagle* did give a charge very similar to that required by § 2.05, the court did not hold that failure to give the charge contemplated by § 2.05 is fundamental error requiring reversal in the absence of an objection. We also decline to make this holding. It is true that § 2.05 states that in certain circumstances "the court *shall* charge the jury in terms of the presumption and the specific elements to which it applies as follows...". Nevertheless, "The defendant in a criminal prosecution for any offense may waive *any* rights secured him by law except the right of trial by jury in a capital felony case." Tex.Code Crim.Pro.Ann. art. 1.14 (Vernon 1974). We hold that the error was waived by failure to object.

In addition, Section 2.05 requires the court to limit the jury's consideration of any presumption used by the State to prove a defendant's guilt. Its purpose is to assure that every defendant is proved guilty, not merely presumed guilty, as a result of the State's reliance on presumptions. Section 2.05 does not apply to this case, however, because the presumption here involved is a judicially created presumption, not a statutory one. Section 2.05 applies only "When this Code (the Penal Code) or another penal law establishes a presumption with respect to any fact ...". The presumption of theft arising from recent, personal, unexplained possession of stolen property is not one established by the Penal Code or any other penal statute and is, therefore, outside the express terms of § 2.05.

Ground of error three is overruled.

The judgment of the district court is affirmed.