**Michael A. ALDERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–82–00369–CR.**

Court of Appeals of Texas,
Dallas.

June 23, 1983.

Archibald C. McColl, III, Bruner, McColl, England, McColloch & Trice, Dallas, for appellant.

Henry Wade, Dist. Atty., Anne Wetherholt, Asst. Dist. Atty., Dallas, for appellee.

Before CARVER, VANCE and STEWART, JJ.

VANCE, Justice.

Appeal is from a conviction for burglary of a building. The jury assessed the punishment at imprisonment for eight years. Appellant asserts six grounds of error. We find the fifth ground dispositive. Additionally, we will address the sixth ground challenging the sufficiency of the evidence. For the reasons stated below the cause is reversed and remanded for a new trial.

In ground of error five the appellant contends that the trial court committed fundamental error when the jury, during the guilt/innocence phase of trial, was charged as follows:

The act of breaking and entering a building at nightime (sic), if any, raises the

presumption that the act was done with the intent to commit theft.

However, the court failed to charge the jury on the general law of presumption as required by Tex.Penal Code Ann. § 2.05 (Vernon Supp.1982–1983). We agree that the jury should have been charged on the consequences of a presumption under Section 2.05. Failure to give such an instruction is fundamental error. *Coberly v. State,* 644 S.W.2d 734, 735 (Tex.Cr.App. 1983) (en banc). *See Connecticut v. Johnson,* —— U.S. ——, 103 S.Ct. 969, 74 L.Ed.2d 823 (1983).

■ Appellant in ground of error six challenges the sufficiency of the evidence. Under *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), we must consider this contention before disposing of this case. It appears from the record that the evidence is sufficient to sustain the conviction.

The judgment is reversed and the cause remanded.