**Anthony Fitzgerald TURNER,
Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–84–0481–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 28, 1985.

Allen C. Isbell, Houston, for appellant.

Michael J. Guarino, Galveston Dist. Atty. Richard J. Branson, Miguel Martinez, Galveston, Asst. Dist. Attys., Galveston, for appellee.

Before HOYT, WARREN and DUGGAN, JJ.

HOYT, Justice.

This is an appeal of a conviction for burglary of a habitation, on a plea of not guilty. The jury made an affirmative finding that the appellant exhibited a deadly weapon during the commission of the offense. The court assessed punishment at 25 years confinement. The judgment, as reformed, is affirmed.

The complainant, Margaret Garza, testified that on September 21, 1983, at approximately 4 a.m., a man entered her home without her consent. After he left, she discovered her wallet was missing.

Galveston police arrested the appellant on an unrelated attempted burglary charge on October 25, 1983. Three days later, the appellant gave a written statement admitting the burglary at the complainant's home. After receiving the *Miranda* warnings on three occasions, the appellant signed a consent for the search of his bedroom at his mother's house. His mother also signed a consent to search form. During the search the police discovered a wallet containing the complainant's driver's license on a nightstand in the appellant's bedroom.

In the first ground of error, appellant contends that it was fundamental error to instruct the jury that the law presumes an intent to commit theft if one enters a habitation at nighttime, because there is no such statutory presumption in Texas.

In the instructions on the applicable law, the court included the following instruction on the *intent* to commit theft:

> You are instructed that our law provides that if it is shown that a person enters a habitation in the nighttime, a presumption is raised that the act was done by that person with the intent to commit theft. Such presumption, however, is rebuttable.
>
> By the [term] "nighttime" is meant any time from thirty minutes after sunset to thirty minutes before sunrise.

Appellant first urges that this presumption is appropriate for appellate review purposes only when the sufficiency of the evidence to prove such intent is challenged. The appellant also contends that the presumption is inappropriate, arguing that

presumptions are procedural devices to determine which party must first produce evidence. *See Alvarado v. State*, 596 S.W.2d 904, 906 (Tex.Crim.App.1980). The second part of appellant's argument urges that a reasonable juror could have misinterpreted the instruction in such a way that the presumption was interpreted as being a conclusive presumption.

The state contends that because appellant did not object at trial to the constitutionality of the nighttime entry instruction, nothing is preserved for appellate review. The state cites *Parker v. State*, 649 S.W.2d 46 (Tex.Crim.App.1983), as authority that constitutional and due process claims fall under the contemporaneous objection requirement. *Id.* at 54–55. The state also relies on *Schenck v. State*, 652 S.W.2d 509 (Tex.App.—Houston [1st Dist] 1983, pet. ref'd) to support its contention that failure to object to the presumptive instruction waived any error. *Id.* at 512. It should be noted, however, that *Schenck* concerned a court's failure to give instructions to the jury under the provisions of Tex.Penal Code Ann. sec. 2.05(2) (Vernon Supp.1985), and held that a complaint on appeal must be predicated on an objection made at trial. In the instant case, the state urges us to hold that *giving* instructions under sec. 2.05, as well as failing to give them, cannot be attacked for the first time on appeal. This argument has some merit in general, but is not applicable here because sec. 2.05 does not apply to the facts of this case.

The trial court further instructed the jury on the law of presumption, as follows:

> You are further instructed that:
>
> a) the facts giving rise to the presumption must be proven beyond a reasonable doubt;
>
> b) if such facts are proven beyond a reasonable doubt, you may find that the element of the offense sought to be presumed exists (that is, that the person entering the habitation, if any, at nighttime, did so with the intent to commit theft). You are, however, not bound to so presume;

> c) even though you may find the existence of said element, the State must prove beyond a reasonable doubt each of the other elements of the offense charged; and
>
> d) if you have a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and you shall not consider the presumption for any purpose.

This instruction tracks the provision of Tex.Penal Code Ann. sec. 2.05 (Vernon Supp.1985).

The appellant urges that sec. 2.05 makes this instruction appropriate only when there is a statutory presumption. The pertinent language of this section provides that, "When this code or another penal law establishes a presumption with respect to any fact, it has the following consequences...."

The cases that appellant cites do not support his contention that *only* statutory presumptions are authorized to be in the charge. *See Alderson v. State*, 654 S.W.2d 60 (Tex.App.—Dallas 1983, pet. ref'd). As in *Alderson*, we are concerned with a nonstatutory presumption. The state, in its brief, alleges that some courts have permitted the jury to be charged following sec. 2.05 for non-statutory presumptions. It relies upon the *Alderson* decision where the conviction was reversed when the trial court failed to include the precautionary language of sec. 2.05.

■■■ This court has noted that sec. 2.05 does not apply where the presumption involved is judicially created. *Schenck*, 652 S.W.2d at 512. The issue before us is not whether a court can or cannot charge the jury in accordance with sec. 2.05 in non-statutory presumptions, but whether the trial court committed fundamental error in giving the sec. 2.05 charge. We hold that it did not.

■■■ The burden was on appellant to show how the charge given was calculated to injure his rights or prevent a fair and impartial trial. *Grady v. State*, 614 S.W.2d 830 (Tex.Crim.App.1981). His failure to ob-

ject to the charge waived any error other than fundamental error. *Id.* at 831. Appellant did not meet that burden.

We therefore overrule ground of error one, holding that appellant's failure to object waived any error.

■ The appellant contends in ground of error four that there was insufficient evidence that a deadly weapon was used or exhibited. Because a knife is not a deadly weapon per se, *Limuel v. State,* 568 S.W.2d 309 (Tex.Crim.App.1978), there must be proof that the knife was a deadly weapon. *Williams v. State,* 575 S.W.2d 30 (Tex.Crim.App.1979). The trial court correctly set out the definitions of a "deadly weapon" in its charge as stated in Tex.Penal Code Ann. sec. 1.07(a)(11) (Vernon 1974):

> "Deadly weapon" means: (a) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or (b) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

There were no further instructions to the jury regarding a deadly weapon. The state asserts, without authority, that because the affirmative finding was submitted pursuant to Tex.Code Crim.P.Ann. art. 42.12B, sec. 3f(a)(2) (Vernon Supp.1985), and the deadly weapon evidence was not an element of the substantive offense, the finding is not required to be proved beyond a reasonable doubt. The evidence must be sufficient, however, for a rational trier of fact to conclude that the definition of a deadly weapon has been met.

■ Proof that a knife is a deadly weapon is made by proving that the knife is capable of inflicting deadly wounds. *Batro v. State,* 635 S.W.2d 156, 158 (Tex.App.—Houston [1st Dist.] 1982, no pet.). The factors that a court may consider in determining if a knife is capable of inflicting deadly wounds include injuries inflicted, the manner in which the knife was used, the length of the blade, and threats. *Id.* at 158. In the instant case the knife was not introduced into evidence nor did the com-

plainant claim any bodily injuries caused by the knife. There was no evidence of the size of the knife, its blade or even that the blade was open. There was no testimony of threats, fear of death, or serious bodily injury because of the knife. The only testimony on the use of the knife was one statement by the complainant: "He lunged at me with a knife and put it to my throat."

The state cites two cases as authority that witness testimony that a defendant placed a knife at an individual's throat is sufficient evidence to support the finding. These cases are inapposite, because other factors were present. In *Hudson v. State,* 629 S.W.2d 227 (Tex.App.—Fort Worth 1982, no pet.), there was expert testimony that the knife used could cause death or serious bodily injury. In *Herbert v. State,* 631 S.W.2d 585 (Tex.App.—El Paso 1982, no pet.), there was testimony that the knife had just been used to slice oranges and that threats were made.

■ The Court of Criminal Appeals has found evidence wholly insufficient to prove that the knife was a deadly weapon where the knife was not offered in evidence and there was no testimony describing the knife or its size. *Beller v. State,* 635 S.W.2d 739, 740 (Tex.Crim.App.1982). In *Beller,* this lack of evidence was sufficient cause to reverse the conviction. *Id.* at 740. In the instant case, the evidence presented and admitted proves only that a knife was exhibited. The proper remedy is to reform the judgment by deleting the affirmative finding on the use or exhibition of a deadly weapon. *Turner v. State,* 664 S.W.2d 86, 90 (Tex.Crim.App.1983).

Ground of error four is sustained.

In grounds of error three and five, the appellant contends that the court's charge was fundamentally defective. He argues that the court failed to instruct the jury that they must find beyond a reasonable doubt that a deadly weapon was used and that the knife used was a deadly weapon. In view of our finding that the evidence was insufficient to show that the appellant

used or exhibited a deadly weapon, we overrule grounds of error three and five.

In ground of error two, the appellant argues that due process should limit the affirmative finding on use of a deadly weapon to cases where the state has provided notice of intent to offer such evidence. At trial, the objection to the affirmative finding was that appellant had not been indicted for an aggravated charge. This objection was properly overruled in as much as complainant's ground of error on appeal differs from this trial objection, nothing is presented for review. *Mitchell v. State*, 650 S.W.2d 801, 810 (Tex.Crim. App.1983).

The judgment of the trial court is reformed to delete the following:

We, the Jury, further affirmatively find that the Defendant, Anthony Fitzgerald Turner, used or exhibited a deadly weapon during the commission of the offense alleged in the indictment.

The judgment of the trial court as reformed is affirmed.

For publication.  Tex.R.Civ.P. 452.