Criminal Case Template








COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



ARTURO CHAVEZ,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-04-00319-CR

Appeal from the

168th District Court

of El Paso County, Texas

(TC# 20040D01342)




O P I N I O N

           This is an appeal from jury convictions for the offense of evading arrest or detention
with a vehicle as well as for the offense of burglary of a habitation. On the first conviction,
the jury assessed punishment at two years’ imprisonment in a state jail facility and a $3,000
fine. On the second conviction, the jury assessed punishment at forty years’ imprisonment
in the Institutional Division of the Texas Department of Criminal Justice and a $5,000 fine. 
                                        I. SUMMARY OF THE EVIDENCE
           The evidence adduced at trial revealed that in the evening of August 26, 2003, in El
Paso County, Texas, Roman Cruz was viewing a movie with his girlfriend at his mother’s
residence. The mother’s name was Griselda Trevizo. Appellant knocked on the door. 
Appellant had been dating Cruz’s mother and the two had a child together. Cruz and
Appellant were not particularly friendly with each other, but there had never been a physical
altercation between them. Appellant knocked on the door and he asked to use the restroom. 
Appellant was allowed in the residence and he began searching the house for Griselda
Trevizo. Cruz told Appellant that she was not home and Appellant became angered and
asked her whereabouts. Appellant looked around the house for several more minutes then
as he left the house, he told Cruz to follow him outside because he had a message for
Griselda Trevizo.
           When the two got outside, Cruz noticed an individual later identified as Gerardo De
Anda sitting inside a red car. Appellant turned toward Cruz and punched him. Appellant
then attempted to grab Cruz and punch him again. Cruz tried to strike Appellant, but
Appellant got him in a headlock. Cruz tried again to hit Appellant and he was able to get
released from Appellant’s hold. He saw Gerardo De Anda get out of the car and grab a
crowbar from the trunk. De Anda yelled, “Kick his ass,” and Appellant responded, “No, you
kick his ass.” While this was occurring, Appellant was behind Cruz, holding on to him. 
Cruz pushed back against Appellant towards the door of the residence, and they both moved
inside the house. Cruz did not grant permission for Appellant to enter the house the second
time. As Appellant restrained Cruz, De Anda came into the house and swung the crowbar. 
He hit Cruz in the face.


 Cruz began to bleed and Appellant threw him aside and went
outside with De Anda. Cruz locked all the doors.
           Appellant and De Anda tried to reenter the residence. When they were unable to
enter, they banged on the door and windows and screamed threats. Appellant threatened,
“Your house is going to go down.” De Anda yelled, “I’m going to get you. You’re going
to pay for this. My dad is a captain of [the] Aztecas.”


 Cruz heard a loud crash, and he heard
a car speed off. Cruz saw that they had left, and several minutes later, Griselda Trevizo
returned. She called the police. Cruz testified that as result of being hit with the crowbar,
he had a bump on his forehead. His eyes water on occasion, and he gets migraine headaches.
           Officer Miguel Lucero of the El Paso Police Department testified that at
approximately 3:30 a.m. on August 26, 2003, he and Officer Andrea Morales were advised
by radio to look for a small, red vehicle occupied by two males. They saw such a vehicle
driving at high speed with its lights off. They activated their overhead lights and attempted
the stop the vehicle. After a chase, the vehicle entered into an apartment complex and the
two individuals inside exited the vehicle while it was still moving. They fled on foot. 
Officer Morales attempted to stop the vehicle while Officer Lucero chased the suspects. He
lost them and a search commenced with the help of other police units.
           Eventually, one suspect, De Anda, was found near a tire shop. Appellant was found
hiding in some weeds. He fled, but was apprehended by Officer Morales. A search of the 
trunk of the vehicle revealed a crowbar.
II. DISCUSSION
           In Issue No. One, Appellant asserts that the evidence was legally and factually
insufficient to support the conviction for burglary of a habitation. In reviewing the legal
sufficiency of the evidence, we are constrained to view the evidence in the light most
favorable to the judgment to determine whether any rational trier of fact could find the
essential elements of the offense, as alleged in the application paragraph of the charge to the
jury, beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61
L.Ed.2d 560 (1979); Butler v. State, 769 S.W.2d 234, 239 (Tex. Crim. App. 1989); Humason
v. State, 728 S.W.2d 363, 366 (Tex. Crim. App. 1987). More particularly, sufficiency of the
evidence should be measured by the elements of the offense as defined by the hypothetically
correct jury charge for the case. Malik v. State, 953 S.W.2d 234, 239-40 (Tex. Crim. App.
1997).
           Our role is not to ascertain whether the evidence establishes guilt beyond a reasonable
doubt. Stoker v. State, 788 S.W.2d 1, 6 (Tex. Crim. App. 1989), cert. denied, 498 U.S. 951,
111 S.Ct. 371, 112 L.Ed.2d 333 (1990); Dwyer v. State, 836 S.W.2d 700, 702 (Tex. App.--El
Paso 1992, pet. ref’d). We do not resolve any conflict in fact, weigh any evidence or
evaluate the credibility of any witnesses, and thus, the fact-finding results of a criminal jury
trial are given great deference. Menchaca v. State, 901 S.W.2d 640, 650-52 (Tex. App.--El
Paso 1995, pet. ref’d); Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992);
Matson v. State, 819 S.W.2d 839, 843 (Tex. Crim. App. 1991); Leyva v. State, 840 S.W.2d
757, 759 (Tex. App.--El Paso 1992, pet. ref’d); Bennett v. State, 831 S.W.2d 20, 22 (Tex.
App.--El Paso 1992, no pet.). Instead, our only duty is to determine if both the explicit and
implicit findings of the trier of fact are rational by viewing all the evidence admitted at trial
in the light most favorable to the verdict. Adelman, 828 S.W.2d at 421-22. In so doing, we
resolve any inconsistencies in the evidence in favor of the verdict. Matson, 819 S.W.2d at
843 (quoting Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988)). The trier of
fact, not the appellate court, is free to accept or reject all or any portion of any witness’s
testimony. Belton v. State, 900 S.W.2d 886, 897 (Tex. App.--El Paso 1995, pet. ref’d).
           Under the law of parties, a person is criminally responsible for an offense committed
by the conduct of another if, acting with intent to promote or assist the commission of the
offense, he solicits, encourages, directs, aids, or attempts to aid the other person’s
commission of the offense. Tex. Penal Code Ann. § 7.02(a)(2) (Vernon 2003). In
determining whether the accused participated as a party, the court may look to events
occurring before, during, and after the commission of the offense, and may rely on the
actions of the defendant which show an understanding and common design to do the
prohibited act. Cordova v. State, 698 S.W.2d 107, 111 (Tex. Crim. App. 1985). While the
presence of an accused at the scene of an offense is not alone sufficient to support a
conviction, it is a circumstance tending to prove guilt, which, when combined with other
facts, may suffice to show that the accused was a participant. Beardsley v. State, 738 S.W.2d
681, 685 (Tex. Crim. App. 1987).
           In the present case, the application paragraph in the court’s charge to the jury read:
Now if you find from the evidence beyond a reasonable doubt that on
or about the 26th day of August, 2003, in El Paso County, Texas, the
Defendant, ARTURO CHAVEZ, either acting alone or with others, as a party
as that term has been defined, did then and there intentionally or knowingly,
without the effective consent of ROMAN CRUZ, the owner, enter a habitation
and did then and there commit or attempt to commit a felony, to-wit:
Aggravated Assault, then you will find the Defendant, ARTURO CHAVEZ,
guilty of burglary of habitation while committing or attempting to commit a
felony, as alleged in Count II of the indictment.

           Appellant contends that the assault took place outside the residence so there was no
entry without consent. He also maintains that the evidence failed to demonstrate that
Appellant entered the home with the intent to commit aggravated assault. Lastly, Appellant
argues that the evidence fails to show that a deadly weapon was used in the commission of
the offense.
           Regarding the question of the entry without consent, entry means to intrude any part
of the body. Tex. Penal Code Ann. § 30.02(b)(1) (Vernon 2003). Lack of consent may be
conferred from circumstantial evidence. Schenck v. State, 652 S.W.2d 509, 511 (Tex. App.--Houston [1st Dist.] 1983, pet. ref’d); In re J.L.H., 58 S.W.3d 242, 249 (Tex. App.--El Paso
2001, no pet.). It is clear that the attack with the crowbar took place inside the residence. 
Furthermore, it is reasonable to infer that the jury determined that Cruz did not give De Anda
permission to enter the residence and strike him with a crowbar.
           Regarding the issue of intent, we note that Appellant was charged with burglary of a
habitation under Penal Code section 30.02(a)(3). Under this section, the State is not required
to prove that the accused intended to commit the felony prior to entry; rather, the State has
to prove that the accused, without effective consent, entered a habitation and subsequently
formed the intent to commit a felony and then committed or attempted to commit the felony. 
In re J.L.H., 58 S.W.3d at 249. Appellant’s contention is not meritorious because the intent
need not have been formed prior to entry into the residence. It was adequately demonstrated
that the requisite intent was formed inside the residence.
           Appellant’s attack on Cruz was initiated outside the residence. De Anda told
Appellant to “Kick [Cruz’s] ass.” Appellant responded, “You kick his ass.” De Anda got
the crowbar while the altercation between Cruz and Appellant moved inside the house. 
Appellant continued to hold Cruz while De Anda struck Cruz with the crowbar. Under the
law of parties, it was rational for the jury to determine Appellant’s guilt by his aiding and
encouraging the attack upon Cruz. The evidence is legally sufficient to support the
conviction.
           Regarding the use of a deadly weapon, a deadly weapon can be anything that in the
manner of its use is capable of causing death or serious bodily injury. Tex. Penal Code
Ann. § 1.07(a)(17)(B) (Vernon 2003). Serious bodily injury is bodily injury that causes
serious permanent disfigurement or protracted loss of impairment of the function of any
bodily member or organ. Tex. Penal Code Ann. § 1.07(a)(46) (Vernon 2003). It is not
necessary to show that the crowbar was actually used in a deadly manner or that its use
caused serious injury. It is only necessary to show that Appellant acting alone or as a party,
used or intended to use the crowbar in a manner that caused or had the potential to cause
death or serious injury. See Hill v. State, 913 S.W.2d 581, 591 (Tex. Crim. App. 1996).
           In the present case, the evidence substantiates the use of a deadly weapon. Because
of De Anda’s attack, Appellant had a permanent scar and various other health problems. An
expert testified that a crowbar as used in this instance was capable of causing serious bodily
injury or death. Accordingly, the evidence was legally sufficient to support the conviction.
           In conducting a factual sufficiency review, we view the evidence in a neutral light to
determine whether a jury was rationally justified in finding guilt beyond a reasonable doubt. 
We set aside the fact finder’s verdict only if (1) the evidence supporting the verdict, when
considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt;
or (2) evidence contrary to the verdict is strong enough that the beyond-a-reasonable-doubt
standard could not have been met. Zuniga v. State, 144 S.W.3d 477, 484-85 (Tex. Crim.
App. 2004). However, our factual sufficiency review must be appropriately deferential so
as to avoid substituting our judgment for that of the fact finder. Clewis v. State, 922 S.W.2d
126, 133 (Tex. Crim. App. 1996). Accordingly, we are authorized to set aside the jury’s
finding of fact only in instances where it is manifestly unjust, shocks the conscience, or
clearly demonstrates bias. Id. at 135. If the evidence is factually insufficient, we remand to
the trial court for a new trial. Id. at 133-35.
           In the present case, Appellant’s sole witness was Sergeant David Ransom. His
testimony revolved around the adequacy of the complaining witness’s police report. The
State’s case could not be characterized as a weak case. Ransom’s testimony did little to
diminish Cruz’s testimony. We find that the evidence is factually sufficient to support the
conviction. Issue No. One is overruled.
           In Issue No. Two, Appellant contends that the court abused its discretion by allowing
the crowbar into evidence at the guilt-innocence stage of trial. He also asserts that the court
erred in allowing a prior conviction into evidence at the punishment stage of trial. At the
guilt-innocence stage, the complaining witness identified the crowbar, State’s Exhibit One,
as the crowbar used in the incident. Appellant objected that the State failed to establish a
chain of evidence. The court overruled the objection. Officer Lucero testified that State’s
Exhibit One was the crowbar he found in the trunk of Appellant’s vehicle.
           An objection to chain of custody is similar to an objection to inadequate
authentication; both objections complain of the lack of proper predicate to admitting the
complained-of item. Davis v. State, 992 S.W.2d 8, 10 (Tex. App.--Houston [1st Dist.] 1996,
no pet.). Although the Texas Rules of Evidence do not specifically address chain of custody,
they provide that the authentication requirement as a condition precedent to admissibility is
satisfied by evidence that supports a finding “that the matter in question is what its proponent
claims.” Tex. R. Evid. 901(a). This may be accomplished by testimony from a witness with
knowledge that the item is what it is claimed to be. Tex. R. Evid. 901(b)(1). If the
proponent is not able to identify the evidence through distinctive marking or the like, or if
the evidence is fungible, proof of chain of custody is required to authenticate the evidence. 
Davis, 992 S.W.2d at 10-11.
           An item like a crowbar is easily identifiable and resistant to change. Therefore, the
State satisfies the threshold requirement of Rule 901(a) by presenting testimony that the
evidence is what the State says it is. See id. at 11. In this case, both the complainant and an
investigating officer identified the crowbar, thereby satisfying the requirement of Rule
901(a). The trial court did not abuse its discretion in admitting the crowbar.
           Next, Appellant contends that the court erred in admitting a prior conviction at the
punishment stage of trial. During the punishment stage of trial, the State moved to admit
Appellant’s prior convictions. Appellant objected that State’s Exhibit Nine, an order on a
guilty plea to the possession of prohibited weapons, was inadmissible because the conviction
was older than ten years. The court overruled the objection and admitted the conviction into
evidence.
           On appeal, Appellant contends that the conviction was inadmissible for impeachment
purposes because it was more than ten years old. However, Appellant did not testify during
the punishment phase of trial. An accused must testify in order to raise and preserve a claim
of improper impeachment through improper convictions. Morgan v. State, 891 S.W.2d 733,
735 (Tex. App.--Houston [1st Dist.] 1994, pet. ref’d).
           Appellant also maintains the court erred in failing to conduct a Rule 403 balancing test
regarding the complained-of prior conviction. This rule provides that before admitting
relevant evidence, the trial court should determine if the probative value of the evidence
outweighs its prejudicial effect. Tex. R. Evid. 403. We note that Appellant did not raise a
Rule 403 objection at trial. Accordingly, he has waived this contention on appeal. Tex. R.
App. P. 33.1(a); Rankin v. State, 974 S.W.2d 707, 710-11 (Tex. Crim. App. 1996).
           More importantly, during the punishment phase of trial, any party may present
evidence the court deems relevant to sentencing, including the prior criminal record of the
accused. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2006). Prior
convictions are relevant to tailor the sentence to a particular defendant. Rogers v. State, 991
S.W.2d 263, 265 (Tex. Crim. App. 1999). The Appellant’s prior conviction for possession
of prohibited weapons was relevant to aid the jury in assessing punishment. Issue No. Two
is overruled.
           In Issue No. Three, Appellant contends that the court abused its discretion by allowing
the introduction of prejudicial evidence without conducting a balancing test under the Texas
Rules of Evidence. Roman Cruz testified that Appellant was a member of the Azteca gang
and he had a tattoo of the number “21” on his body. Further, Officer Jeffrey Gibson testified
as a gang expert regarding the tactics and tattoos used by the Azteca gang. The officer stated
that he was familiar with Appellant’s record and he testified that Appellant had a tattoo with
“21” on his person.
           With regard to Officer Gibson’s testimony, Appellant asserts that he lacked the
requisite knowledge to testify to gang activity, and his testimony should have been excluded
under Rule 403 of the Texas Rules of Evidence. The State maintains that Appellant has not
preserved these complaints for appellate review. We agree.
           The record must demonstrate that Appellant lodged a timely objection stating the
specific grounds for the ruling desired unless the grounds are apparent from the context of
the objection. See Tex. R. App. P. 33.1(a). In this instance, when the State offered Officer
Gibson as an expert, the Appellant stated that he had no objection. By telling the court that
he has no objection to the evidence, the complainant waives any error in the admission of that
evidence. Moraguez v. State, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986); Flores v. State,
129 S.W.3d 169, 171-72 (Tex. App.--Corpus Christi 2004, no pet.).
           Appellant has also waived his Rule 403 objection for appellate review. At no time did
Appellant object on that ground. Accordingly, we cannot address Appellant’s complaints
concerning the testimony of Officer Gibson.
           We reach the same result with regard to the testimony of Roman Cruz concerning
Appellant’s Rule 403 objection on appeal. An out-of-the-hearing-of-the-jury discussion
occurred regarding the anticipated testimony of Cruz that Appellant and his co-defendant
were outside the residence screaming about Azteca gang membership and pounding on the
windows. Appellant objected on grounds of hearsay and prejudice. However, when Cruz
testified about Appellant’s gang membership in light of the “21” tattoo, Appellant made no
objection. To preserve error for appellate review, the complaining party must continue to
object as the complained-of testimony is stated. Ethington v. State, 819 S.W.2d 854, 858
(Tex. Crim. App. 1991). Appellant has waived this issue on appeal. Issue No. Three is
overruled.
           In Issue No. Four, Appellant argues that the prosecutor committed prosecutorial
misconduct during argument at the guilt-innocence stage of trial. Specifically, Appellant
contends that remarks during examination of the State’s witnesses and during closing
argument constituted prosecutorial misconduct. Appellant made no objection stating
prosecutorial misconduct as a ground. Appellant has waived this contention. See Cockrell
v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (holding that a defendant’s failure to
object to a jury argument forfeits his right to complain about the argument on appeal); Penry
v. State, 903 S.W.2d 715, 764 (Tex. Crim. App. 1995) (stating that to preserve an objection
for prosecutorial misconduct one must not only object but also request an instruction to
disregard and move for a mistrial).


 Appellant’s Issue No. Four is overruled.
           Having overruled each of Appellant’s issues on review, we affirm the judgment of the
trial court.
                                                                  RICHARD BARAJAS, Chief Justice

August 31, 2006

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)