# NO. 12-22-00287-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *PHILIP SHANE YOUNG,* *APPELLANT* | *§* | *APPEAL FROM THE 7TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Philip Shane Young appeals his conviction for evading arrest with a motor vehicle. Appellant presents three issues on appeal. We affirm.

### BACKGROUND

Appellant was indicted for evading arrest with a motor vehicle in Smith County, Texas. The indictment further alleged that (1) Appellant used or exhibited a deadly weapon—a vehicle—while evading, and (2) Appellant had two previous felony convictions for evading arrest with a motor vehicle and driving while intoxicated third or more. Appellant pleaded "guilty," and the matter proceeded to a jury trial on punishment. At the punishment trial, Appellant pleaded "not true" to the deadly weapon allegation and "true" to each enhancement paragraph. Ultimately, the jury found the deadly weapon allegation to be "true" and sentenced Appellant to sixty years imprisonment. This appeal followed.

### SUFFICIENCY OF THE EVIDENCE

In his second issue, Appellant urges the evidence is insufficient to support the deadly weapon finding. Specifically, he urges the evidence does not show that anyone was put into "actual danger."

**Standard of Review and Applicable Law**

The *Jackson v. Virginia*[1] legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson*, 443 U.S. at 315-16, 99 S. Ct. at 2686-87; *see also Escobedo v. State*, 6 S.W.3d 1, 6 (Tex. App.—San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *see also Johnson v. State*, 871 S. W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186. This requires the reviewing court to defer to the jury's credibility and weight determinations, because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 899; *see Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. A "court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution and must defer to that resolution." *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed 2d 642 (1982).

To be legally sufficient to sustain a deadly weapon finding, the evidence must show (1) the object was something that in the manner of its use or intended use was capable of causing death or serious bodily injury; (2) the weapon was used or exhibited during the transaction from which the felony conviction was obtained; and (3) other people were actually endangered. *Drichas v. State*, 175 S.W.3d 795, 797 (Tex. Crim. App. 2005); *Garza v. State*, 298 S.W.3d 837, 843 (Tex. App.—Amarillo 2009, no pet.); *see also Cates v. State*, 102 S.W.3d 735, 738 (Tex. Crim. App. 2003). While the danger to motorists must be actual and not merely hypothetical, it does not require pursuing officers or other motorists to be in a zone of danger, or take evasive action, or require a collision. *Drichas*, 175 S.W.3d at 799. If a motor vehicle is used in a

---

[1] 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979).

manner making it capable of causing death or serious bodily injury, it may become a deadly weapon.  *Id.*; *Tyra v. State*, 897 S.W.2d 796, 798 (Tex. Crim. App. 1995); *Ex parte McKithan*, 838 S.W.2d 560, 561 (Tex. Crim. App. 1992).  A defendant is not required to have the specific intent to use a motor vehicle as a deadly weapon.  *See Drichas*, 175 S.W.3d at 798 (citing *McCain v. State*, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000); *Walker v. State*, 897 S.W.2d 812, 814 (Tex. Crim. App. 1995)).

The Texas Court of Criminal Appeals has established a two-part test for determining whether a rational trier of fact could have found beyond a reasonable doubt that a defendant used or exhibited a vehicle as a deadly weapon.  *See Sierra v. State*, 280 S.W.3d 250, 255 (Tex. Crim. App. 2009). Under this test, we must first "evaluate the manner in which the defendant used the motor vehicle during the felony" and then "consider whether, during the felony, the motor vehicle was capable of causing death or serious bodily injury."  *Id.*

**Analysis**

Appellant concedes that the evidence shows he drove erratically and failed to control his vehicle during his attempt to evade.  He points out that no one was in his vehicle with him.  And even though the dash cam video shows other drivers on the road on which he was traveling, he urges that his conduct placed no one in "actual danger."

Officer Garret Stockman of Texas Parks and Wildlife testified that he was observing traffic near Tyler State Park from a closed gas station on March 6, 2021, when Appellant arrived at the gas station.  Stockman observed Appellant exit his Land Rover, walk with an "unnatural gait," and attempt to use the gas pump.  Appellant was unsuccessful and walked to the "clearly closed" building.  After Appellant pulled on the locked doors, he realized the store was closed and left.  Based on his observations, Stockman suspected Appellant may be intoxicated and followed him.  Stockman testified to driving ninety to ninety-five miles per hour to catch up to Appellant.  After observing Appellant commit two traffic violations – failure to stop at a stop sign and failure to signal - Stockman initiated a traffic stop.

Appellant pulled over, but as Stockman approached the vehicle's passenger side, Appellant sped off, nearly colliding with another vehicle.  Stockman ran back to his vehicle and pursued Appellant.  Stockman testified that the pursuit occurred on Farm-to-Market Road 16 (FM 16).  According to Stockman, FM 16 is a "very windy and curvy road," and the speed limit tops out at sixty miles per hour "on the open road."  Most of the pursuit occurred at ninety-five to

one-hundred miles per hour. He further testified that FM 16 is a two-lane road, with a lane in each direction. During the pursuit, Appellant attempted to pass a vehicle "in a no-passing zone going up a hill on a blind curve and almost [struck] another vehicle head-on." Stockman testified that the pursuit continued through the city of Lindale, which has a speed limit of thirty miles per hour, and the road gets busier in town. While in Lindale, Appellant ran the red light at the Highway 69 intersection. After traveling through Lindale and passing Toll 49, Appellant "goes around and runs another vehicle – runs a vehicle that's traveling in the same direction off the road." The pursuit ended when Appellant crashed his vehicle into a tree and his vehicle caught fire.

Stockman's body camera activated as he approached Appellant's vehicle and was admitted into evidence. Additionally, a trooper with the Texas Department of Public Safety joined the pursuit. His dash camera recording was admitted into evidence.

Appellant urges that he did not use his vehicle as a deadly weapon because he had no passengers in his vehicle and did not aim his vehicle at any person during the pursuit. However, the evidence showed that Appellant drove in excess of thirty miles per hour above the posted speed limit on a curvy road, committed traffic violations, and nearly collided with two vehicles, one of which ran off the road to avoid a collision. Viewing the evidence in the light most favorable to the verdict, the jury could have determined that Appellant endangered the officers and other motorists in a way that was more than simply hypothetical, that the danger was real, and the manner in which Appellant drove rendered his vehicle capable of causing death or serious bodily injury. *See Drichas*, 175 S.W.3d at 798. Therefore, a rational jury could have found, beyond a reasonable doubt, that Appellant used the vehicle as a deadly weapon. *See id*. We overrule Appellant's second issue.

### ADMISSION OF EVIDENCE

In his first issue, Appellant contends the trial court abused its discretion by permitting the State to present evidence of a pending criminal charge against Appellant in another county because the evidence's probative value was substantially outweighed by the danger of unfair prejudice. In his third issue, Appellant urges the trial court erred in allowing inadmissible expert testimony on the issue of whether his vehicle was a deadly weapon.

**Standard of Review**

A trial court has broad discretion in determining the admissibility of evidence presented during the punishment phase of trial and may admit evidence deemed relevant to sentencing, including evidence of other crimes or bad acts. *Schultze v. State*, 177 S.W.3d 26, 40 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd). We review the trial judge's admission of evidence for abuse of discretion, and we will uphold the trial court's decision if it falls within the zone of reasonable disagreement. *Henley v. State*, 493 S.W.3d 77, 82 (Tex. Crim. App. 2016); *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011). The erroneous admission of evidence is generally nonconstitutional error, and we must disregard any nonconstitutional error that does not affect an appellant's substantial rights. TEX. R. APP. P. 44.2(b); *Potier v. State*, 68 S.W.3d 657, 663 (Tex. Crim. App. 2002); *Stovall v. State*, 140 S.W.3d 712, 718 (Tex. App.—Tyler 2004, no pet.). The erroneous admission of evidence does not affect substantial rights if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury or had but a slight effect. *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001).

**Extraneous Bad Acts**

In his first issue, Appellant urges the trial court abused its discretion in allowing evidence of extraneous bad acts he committed in Henderson County. He contends the evidence is more prejudicial than probative under the Texas Rules of Evidence.

*Applicable Law*

"[T]he admissibility of evidence during 'the punishment phase of a non-capital trial is a function of policy rather than a question of logical relevance.'" *Ellison v. State*, 201 S.W.3d 714, 719 (Tex. Crim. App. 2006) (quoting *Sunbury v. State*, 88 S.W.3d 229, 233 (Tex. Crim. App. 2002)). During the punishment phase, relevant evidence is that which assists the jury in determining the appropriate sentence for the particular defendant under the circumstances presented. *Id.* (citing *Rogers v. State*, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999)). The jury is entitled to consider "any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, [and] the circumstances of the offense for which he is being tried[.]" TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West Supp. 2022). The jury may also consider evidence of an extraneous crime "that is shown beyond a reasonable doubt by

5

evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act." ***Id***.

Rule 403 of the Texas Rules of Evidence provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." TEX. R. EVID. 403. "Rule 403 favors admissibility of relevant evidence, and the presumption is that relevant evidence will be more probative than prejudicial." ***Montgomery v. State***, 810 S.W.2d 372, 389 (Tex. Crim. App. 1991) (op. on reh'g). A Rule 403 analysis must balance the following factors:

> (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted.

***Gigliobianco v. State***, 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006); *see also* ***Erazo v. State***, 144 S.W.3d 487, 489 (Tex. Crim. App. 2004). "It is only when there exists a clear disparity between the degree of prejudice of the offered evidence and its probative value that Rule 403 is applicable." ***Jones v. State***, 944 S.W.2d 642, 653 (Tex. Crim. App. 1996).

*Analysis*

During punishment, the State introduced evidence from former DPS Trooper Tom Atkinson about an incident from August 2020 in Henderson County. Atkinson's body camera video of the incident was also admitted into evidence. Appellant objected to both Atkinson's testimony and admission of the video on Rule 403 grounds.

Atkinson testified that he responded to a call regarding an orange Mitsubishi Eclipse "swerving all over the road, on the wrong side of the road, without head lamps." Atkinson found the vehicle abandoned in the median on State Highway 31 in Trinidad, Texas. Dispatch advised Atkinson that the driver had been seen running into a nearby gas station and barricaded himself in a restroom. With the assistance of other officers, Atkinson was able to enter the restroom where he found Appellant, shirtless, lying on the floor. Atkinson testified that Appellant

appeared intoxicated because he was slurring his speech, swaying when he stood up, had bad balance, his breath smelled like alcohol, and his eyes were bloodshot, glassy, and red. After confirming that Appellant had been driving an orange Eclipse, Atkinson arrested Appellant for driving while intoxicated and transported him to a hospital for a blood draw. The test results showed that Appellant's blood alcohol content was .216, which is more than double the legal limit. As a result, Appellant was charged with driving while intoxicated, third or more. Appellant was also charged with unlawful possession of a firearm by a felon because a 12-gauge shotgun was found in the Eclipse. Atkinson testified that both charges were pending in Henderson County at the time of the Smith County trial.

Appellant urges that this "extraneous incident is troubling, because it paints a picture of Appellant as a mentally unstable substance abuser who loiters in public restrooms." And he contends the evidence was more prejudicial because it "gives cause for speculation that Appellant was driving while intoxicated or was impaired." While this evidence is obviously unfavorable to Appellant, only when there exists a clear disparity between the degree of prejudice of the offered evidence and its probative value does Rule 403 bar admission, and as we explain below, Appellant has not shown such a disparity. *See* **Jones**, 944 S.W.2d at 653.

We begin our analysis with the first two **Gigliobianco** factors: the inherent probative force of the evidence of the unadjudicated offenses and the State's need for said evidence. *See* **Gigliobianco**, 210 S.W.3d at 641. The evidence of the Henderson County incident was highly probative because it gave context to Appellant's decision to evade in Smith County, considering the evasion occurred while the Henderson County charges were pending. Furthermore, the evidence is relevant to both Appellant's character and pattern of behavior. The trial court's conclusion that the evidence was highly probative and that the State's need for the evidence was significant is not outside the zone of reasonable disagreement. We conclude that the first two **Gigliobianco** factors weigh in favor of admitting the evidence. *See* **id**.

With respect to the third and fourth **Gigliobianco** factors, any tendency of the evidence to suggest decision on an improper basis and any tendency of the evidence to confuse or distract the jury from the main issues, the trial court could have reasonably concluded that the evidence of the Henderson County incident did not tend to suggest decision on an improper basis or distract the jury from the main issues. Extraneous crimes that are shown beyond a reasonable doubt by evidence to have been committed by Appellant are relevant factors for the jury to consider in

determining the appropriate sentence under the particular circumstances presented. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1); *Ellison*, 201 S.W.3d at 719; *Rogers*, 991 S.W.2d at 265. The punishment charge instructed the jury not to consider evidence regarding other wrongful acts by Appellant unless it first found and believed beyond a reasonable doubt that Appellant committed such other act or acts. To the extent Appellant is concerned evidence of his drunkenness in Henderson County made the jury assume he may have been drunk during the evasion in Smith County, we also note that evidence of Appellant's guilty plea to a different driving while intoxicated, third or more, was also admitted into evidence. We conclude that the third and fourth *Gigliobianco* factors weigh in favor of admitting evidence of the Henderson County incident, and the trial court's determination is not outside the zone of reasonable disagreement. *See Gigliobianco*, 210 S.W.3d at 641-42.

We turn now to the fifth *Gigliobianco* factor, any tendency of the evidence to be given undue weight by a jury unprepared to evaluate its probative force. As mentioned above, the charge instructed the jury not to consider the extraneous acts unless it found beyond a reasonable doubt that Appellant committed them. Additionally, the jury heard evidence of Appellant's previous convictions, which included assault, evading, resisting, and driving while intoxicated. The trial court could have reasonably concluded that the jury would not give undue weight to the evidence of the Henderson County incident, and its determination is not outside the zone of reasonable disagreement. We conclude that the fifth *Gigliobianco* factor weighs in favor of admitting the evidence.

With respect to the sixth *Gigliobianco* factor, the likelihood that the evidence will consume an inordinate amount of time or merely repeat evidence already admitted, the State's introduction of evidence pertaining to the Henderson County incident comprised less than one-fifth of its case against Appellant. Atkinson's testimony comprises merely thirty-seven of the 224 pages of the State's case in the record. Additionally, evidence of the Henderson County incident did not merely repeat other evidence. We conclude that because the evidence regarding the Henderson County incident consumed a small portion of the punishment phase, the sixth *Gigliobianco* factor weighs in favor of admission. *See id*.

After balancing each of the *Gigliobianco* factors in performing its Rule 403 analysis, the trial court could have reasonably concluded that the probative value of the Henderson County incident was not substantially outweighed by the danger of unfair prejudice. *See* TEX. R. EVID.

403; ***Gigliobianco***, 210 S.W.3d at 641-42. Therefore, the trial court did not abuse its discretion by admitting Atkinson's testimony. *See* TEX. R. EVID. 403; ***Gigliobianco***, 210 S.W.3d at 641-42.

Accordingly, we overrule Appellant's first issue.

## Opinion Testimony

In his third issue, Appellant contends the trial court erred when it allowed Stockman's opinion testimony regarding whether Appellant's vehicle was a deadly weapon. During direct examination, the State asked Stockman the following question:

> Now, at the speed at which the defendant is traveling, if he had hit one of those cars [at the intersection at which he ran the red light], could that have seriously hurt or even killed one of them?

The State repeated its question later, asking about what would happen if Appellant hit a vehicle head-on, or a bus, or the vehicle he ran off the road, or the vehicles he passed during the pursuit. Each time, Appellant objected, claiming such testimony was irrelevant and required expert testimony. The trial court repeatedly overruled the objection. Stockman testified in each instance that it was a "very high probability."

On appeal, Appellant contends Stockman's testimony could only be provided by an expert and that Stockman was neither tendered nor qualified as an expert. We disagree.

It is well established that opinion testimony is appropriate to help demonstrate that a weapon is deadly when it is not deadly per se. ***Denham v. State***, 574 S.W.2d 129, 131 (Tex. Crim. App. 1978); ***Batro v. State***, 635 S.W.2d 156, 158 (Tex. App.—Houston [1st Dist.] 1982, no pet.). Expert testimony on this issue is not necessary, but it may still be particularly useful in supplementing meager evidence on the issue in order to meet the sufficiency requirement. ***English v. State***, 647 S.W.2d 667, 669 (Tex. Crim. App. 1983); ***Davidson v. State***, 602 S.W.2d 272, 273 (Tex. Crim. App. 1980); *see also* ***Banks v. State***, 638 S.W.2d 532, 535 (Tex. App.—Houston [1st Dist.] 1982, pet. ref'd). Finally, lay opinion testimony by competent witnesses may be sufficient by itself to sustain a deadly weapon finding. ***Denham***, 574 S.W.2d at 131.

A lay witness may give his opinion when it is rationally based on the witness's perception and helpful to clearly understanding the witness's testimony or to determining a fact in issue. TEX. R. EVID. 701. Thus, if the witness perceived events and formed an opinion that a reasonable person could draw from the facts, the first part of the rule is met. ***Osbourn v. State***,

92 S.W.3d 531, 538 (Tex. Crim. App. 2002). If the opinion is also helpful for the trier of fact to understand the witness's testimony or aids in the determination of a fact in issue, the opinion is admissible under Rule 701. *Id.* Observations that do not require significant expertise to interpret and are not based on a scientific theory can be admitted as lay opinions. *Id.* at 537.

Stockman's testimony concerned the damage Appellant could have caused while traveling in excess of ninety miles per hour in a large vehicle on a curvy road in traffic at night. These observations do not require significant expertise to interpret. And his observations were not interpreted based on a scientific theory. Additionally, Stockman participated in the events to which he testified and his opinion was based on what he perceived and experienced during the pursuit. Furthermore, the testimony was helpful to the determination of a fact in issue. Stockman's belief that Appellant could have seriously injured or killed someone if he collided with another vehicle was based on identifiable facts that were within his personal knowledge such as the speed at which he was traveling, visibility, the size of the vehicle, the amount of traffic, and possible impairment. These observations are common enough and require such a limited amount of expertise that they can be deemed lay witness opinion. *See id.* at 536-37 (citing *United States v. VonWillie*, 59 F.3d 922, 929 (9th Cir. 1995)).

Therefore, we hold that Stockman's testimony regarding the dangerousness of Appellant's driving was admissible lay testimony, and the trial court did not abuse its discretion in allowing it. We overrule Appellant's third issue.

## DISPOSITION

Having overruled Appellant's first, second, and third issues, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered October 11, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

10



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 11, 2023**

**NO. 12-22-00287-CR**

**PHILIP SHANE YOUNG,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-0950-21)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*