The Speers' points of error five and six are overruled.

The judgment of the trial court is affirmed insofar as its judgment constituted a dismissal for want of jurisdiction.

Adolph **VILLANUEVA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–85–00200–CR.

Court of Appeals of Texas, San Antonio.

May 28, 1986.

Monica Donahue, San Antonio, for appellant.

Sam Millsap, Jr., Robert Reaves, Edward F. Shaughnessy, III, Criminal Dist. Attys., San Antonio, for appellees.

Before ESQUIVEL, TIJERINA and DIAL, Jr., JJ.

## OPINION

TIJERINA, Justice.

Appellant was found guilty by jury of the offense of burglary of a habitation. TEX.PENAL CODE ANN. § 30.02(a)(1) (Vernon 1974). The trial court assessed the punishment at ten (10) years' confinement.

The sufficiency of the evidence has been challenged. The indictment essentially alleged that appellant intentionally and knowingly entered a habitation with the intent to commit theft without the effective consent of Carlota Garcia, the owner of said habitation. Mrs. Garcia testified that she was the owner of the premises where the burglary occurred and that she did not give appellant consent to enter her home and take her television; she was not at home on the date of the occurrence. Her children were residing with her. She did state that appellant was an acquaintance of her son David and had been in her house with David on several occasions.

One of Mrs. Garcia's sons testified that his brother David and appellant were drinking across the street at a neighbor's house the night before the alleged burglary. He saw David and appellant come into the house and then David went to sleep. The next morning he witnessed appellant run out of the house with the television set and place it inside a car; appellant and a companion then drove off. There was further testimony that appellant could have entered the house through an open front door. David, the only person who could testify as to whether appellant was inside the house with or without consent, was not called as a witness by the State. Thus appellant's testimony that he entered the house with David's consent was not contradicted.

■ The essential elements of the offense of burglary are: a person, intentionally or knowingly, enters a habitation, without the effective consent of owner and commits or attempts to commit a felony or theft. *Day v. State*, 532 S.W.2d 302, 304 (Tex.Crim.App.1976). The State's burden

is to prove each element of the offense charged beyond a reasonable doubt. *Crocker v. State*, 573 S.W.2d 190, 207 (Tex. Crim.App.1978). A conviction will not be sustained on appeal if the evidence does not sufficiently establish all material elements of the offense charged. *Culmore v. State*, 447 S.W.2d 915, 916 (Tex.Crim.App. 1969).

■ In this case, the record shows that the owner of the habitation was not at home at the time of the entry or burglary, but her sons and daughter were in control and possession of the premises in her absence. Ownership is not restricted to those persons having title interest in property, but can include those in possession. *Ex parte Davis*, 542 S.W.2d 192, 195 (Tex. Crim.App.1976); TEX.PENAL CODE ANN. § 1.07(a)(24) (Vernon 1974). In view of the testimony that appellant entered the premises with the consent of the son David, we cannot agree that the State proved beyond a reasonable doubt the entry was without the effective consent of the owner. Thus, after viewing the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could not have found the essential elements of the offense beyond a reasonable doubt. *See Wilson v. State*, 654 S.W.2d 465, 471 (Tex.Crim.App.1983). We find the evidence insufficient on the element of "without effective consent." Accordingly, we sustain appellant's first ground of error. The judgment is reversed and the cause remanded to the trial court with orders to enter a judgment of acquittal as to burglary of a habitation. *Granger v. State*, 605 S.W.2d 602, 605 (Tex.Crim.App.1980); *Black v. State*, 637 S.W.2d 923, 926 (Tex. Crim.App.1982). The appellant may, however, be retried for the lesser included offense of theft. *Id.*

Appellant's other assignments of error have been reviewed. In view of our disposition of this cause, we are of the opinion that these errors are unlikely to reoccur on retrial.