Robert Anthony GONZALES, Appellant,

v.

STATE of Texas, Appellee.

No. 11–93–205–CR.

Court of Appeals of Texas, Eastland.

May 4, 1995.

Discretionary Review Granted Aug. 23, 1995.

David K. Haynes, McKinney, for appellant.

Tom O'Connell, Crim. Dist. Atty., Collin County Courthouse, McKinney, for appellee.

AUSTIN McCLOUD, Chief Justice, Retired.

The jury found appellant guilty of capital murder and assessed his punishment at confinement for life. We affirm.

Appellant was a juvenile at the time of the offense.[1] The juvenile court found that there was probable cause to believe that appellant had "committed the offense of capital murder, attempted capital murder, *or* solicitation of capital murder." (Emphasis added) The juvenile court waived jurisdiction over appellant and ordered the case transferred to criminal district court so that appellant could be tried as an adult. Appellant appealed the juvenile court's transfer order contending that the court did not find probable cause to believe that appellant committed each offense charged by the State. The Texas Supreme Court held that jurisdiction was improperly waived because the juvenile court failed to find that probable cause existed to believe that appellant committed each offense. While the first petition for discretionary transfer was under consideration before the supreme court, the juvenile court granted the State's second petition for discretionary transfer.

■ In his first point of error, appellant challenges the trial court's jurisdiction to try him for the offense of capital murder pursuant to the second petition for discretionary transfer. Appellant argues that the certification order was voidable and that the State must have either proceeded to trial on the strength of the first order of the juvenile court or waited for the outcome of the appeal on the first transfer order. We disagree.

The supreme court, in considering the validity of the first petition for discretionary transfer, stated:

> If the juvenile court fails to state on the record its disposition of a particular charge, the reviewing court cannot presume that the lower court determined not to exercise its jurisdiction as to that charge. In such case, *the juvenile court retains jurisdiction over all offenses alleged by the petition,* and the transfer order may be set aside. (Emphasis added) (Citations omitted)

*In the Matter of R.A.G.,* supra. We hold that jurisdiction over appellant remained with the juvenile court when the juvenile court improperly attempted to waive jurisdiction over appellant. The court had jurisdiction to grant the State's second petition for discretionary transfer. Appellant's first point of error is overruled.

■ In his second point of error, appellant contends that the evidence was insufficient to show that he committed capital murder because the evidence was insufficient to show that he committed murder while in the course of committing burglary of a habitation.[2] We review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Geesa v. State,* 820 S.W.2d 154 (Tex.Cr.App.1991).

The record reflects that Vernon and Rosalyn Caldwell had a troublesome relationship with their daughter, Krissi Lynn Caldwell. Appellant and Krissi were involved in a "boyfriend-girlfriend" relationship at the time of the offense. The Caldwells did not approve of Krissi's relationship with appellant. Krissi was not allowed to invite appellant over to

1. We take judicial notice of the prior procedural history related to this appeal which is contained in *In the Matter of R.A.G.,* 866 S.W.2d 199 (Tex. 1993). TEX.R.CRIM.EVID. 201(c) and (f).

2. TEX.PENAL CODE ANN. § 30.02(a)(1) (Vernon 1994) provides that:

A person commits an offense if, without the effective consent of the owner, he:
   (1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft.

the Caldwell's residence, and she was forbidden from "seeing" appellant. Mr. Caldwell testified that neither he nor his wife had ever consented to allow appellant to be in their home.

Mr. Caldwell testified that he and his wife regularly went to bed between 9:30 and 10:00 p.m. Krissi had a curfew on the weekends of 12:30 a.m. The Caldwells had a "standing family rule" that, when she would return home, Krissi would awaken the Caldwells and let them know that she was home.

About six months before the offense, Krissi wrote a letter to appellant which reflected that she wished "something" would happen to her parents. About three months before the offense, Krissi told her best friend, Tina Bussell, that she wished her parents would die or that they would have an accident so that she and her sister, Brandi Caldwell, could live in the house by themselves without "any authority." Krissi also related to Bussell that she was tied to her parents for economic reasons and that she "wanted to have the money."

Appellant testified that, the week before the shooting, he and Krissi had several discussions about how the killing of the Caldwells could be accomplished. Appellant stated that one of their plans was to hire someone to kill the Caldwells for a $1,000. Appellant was unable to find anyone to commit the offense. A few days before the shooting, Krissi gave appellant a 9mm gun that she had taken from her father's nightstand. The day before the offense, appellant agreed to kill the Caldwells at Krissi's request.

Appellant testified that, around 12:30 a.m., Krissi opened the door of the Caldwells' house and that he entered the house with the gun. On cross-examination, appellant admitted that he did not have the Caldwells' permission to go into their home. Appellant stated that he fired five or six shots at the Caldwells while they were in their bedroom. Mrs. Caldwell died as a result of multiple gunshot wounds.

■ The indictment alleged, and the jury found that:

[Appellant] on or about [March 7, 1992] intentionally cause[d] the death of . . . Rosalyn Caldwell, by shooting [her] with a firearm, and [appellant] was then and there in the course of committing and attempting to commit the offense of burglary of a habitation of Vernon Caldwell.

Appellant argues that, at most, he was guilty of the offense of murder and not capital murder because he entered the Caldwells' residence with the assistance of and at the request of the Caldwells' daughter, Krissi. Appellant cites *Villanueva v. State,* 711 S.W.2d 739 (Tex.App.—San Antonio 1986), *pet'n ref'd,* 725 S.W.2d 244 (Tex.Cr.App. 1987), as support for his contention.

In *Villanueva,* the defendant was convicted of burglary of a habitation. The defendant testified that he entered the residence with the consent of the complaining witness' son. This testimony was not contradicted. The court held that, in view of the defendant's testimony, the State did not prove beyond a reasonable doubt that the entry was without the effective consent of the owner. However, in *Villanueva,* there was no evidence that the complaining witness' son participated in the offense or that any of the residents of the home assisted the defendant in committing the offense. Moreover, the court noted that the complaining witness, the owner of the residence, was not at home at the time of the entry or burglary and, thus, her sons and daughter were in control and possession of the premises in her absence.

■ In this case, the evidence showed that appellant had the intent to commit the offense of murder at the time he entered the home. Krissi, who assisted, encouraged, and aided appellant in the commission of the offense, opened the door and permitted appellant to enter the residence while her parents were asleep. We hold that, when an accused has the intent to commit a felony at the time he enters a habitation and the party giving the accused consent to enter the premises aids and assists the accused in the commission of the offense, the accused does not have "effective consent" from the owner to enter the premises. TEX.PENAL CODE ANN. § 1.07(a)(19) (Vernon 1994) expressly provides that consent is not effective if "given by a person the actor knows is not legally authorized to act for the owner." Here, ap-

pellant entered the Caldwells' home for the purpose of committing an illegal act with the assistance of a participant to the offense. Appellant knew that Krissi was not legally authorized to give him consent to enter her parents' home to kill them.

We hold that the evidence is sufficient to show that appellant committed the offense of murder while in the course of committing burglary of a habitation. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.

McCloud, C.J., Retired, Court of Appeals, Eastland, sitting by assignment pursuant to TEX.GOV'T CODE ANN. § 74.003(b) (Vernon 1988).

Wright, J., not participating.