Robert Anthony GONZALES, Appellant,

v.

The STATE of Texas, Appellee.

No. 631–95.

Court of Criminal Appeals of Texas,
En Banc.

Oct. 16, 1996.

David K. Haynes, McKinney, for Appellant.

William L. Schultz, Asst. District Attorney, McKinney, Matthew Paul, State's Atty., Austin, for State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MALONEY, Judge.

Appellant was convicted of capital murder during the course of a burglary and was sentenced to life imprisonment. His conviction was affirmed. *Gonzales v. State,* 905 S.W.2d 4 (Tex.App.—Eastland 1995). We granted appellant's petition for discretionary review to determine whether the Court of Appeals erred in holding the evidence was legally sufficient to establish that the murder of the deceased was committed in the course of committing a burglary.

Appellant was romantically involved with Krissi Caldwell, the teenage daughter of the deceased. The deceased and her husband disapproved of their daughter's relationship with appellant and forbade Krissi to see appellant. Mr. Caldwell testified that Krissi was not permitted to invite appellant over to the Caldwells' residence and that neither he nor the deceased ever consented to allow appellant to be in their home. As a result of these restrictions, Krissi's relationship with her parents grew increasingly strained. This tension eventually culminated into Krissi's plan to have appellant murder her parents.

One evening, after her parents had gone to sleep, Krissi let appellant into the house. Krissi gave appellant a 9mm automatic pistol she had taken from her father's nightstand. Armed with the gun, appellant entered the Caldwells' bedroom and fired five or six shots into both of the Caldwells. Mr. Caldwell survived the attack, but Mrs. Caldwell died from multiple gunshot wounds.

On appeal, appellant argued that the evidence was insufficient to establish he was in the course of committing burglary when he shot Mrs. Caldwell because his entry into the Caldwell home was made with Krissi's con-

sent. Therefore, appellant contended, at most he was guilty of the offense of murder rather than capital murder.

The Eleventh Court of Appeals disagreed, holding that

when an accused has the intent to commit a felony at the time he enters a habitation and the party giving the accused consent to enter the premises aids and assists the accused in the commission of the offense, the accused does not have the "effective consent" from the owner to enter the premises.

*Id.* at 6. The court noted·that under the Penal Code, consent is not effective if "given by a person the actor knows is not legally authorized to act for the owner" and that appellant knew Krissi "was not legally authorized to give him consent to enter her parents' home to kill them." *Id.* at 7.

█ On a challenge to the sufficiency of the evidence, the reviewing court evaluates all the evidence in the light most favorable to the verdict and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. When reviewing sufficiency, we measure the evidence against the charge given. *Boozer v. State,* 717 S.W.2d 608, 610 (Tex.Crim.App.1984). The court's charge authorized the jury to return a verdict of guilty if they unanimously found beyond a reasonable doubt that appellant did

intentionally cause the death of an individual, namely: Rosalyn Caldwell, by shooting the said Rosalyn Caldwell with a firearm, ... [while] in the course of committing or attempting to commit the offense of burglary of a habitation of Vernon Caldwell[.]

The trial judge instructed the jury that "a person commits the offense of burglary of a habitation if, without the effective consent of the owner, he enters a habitation with the

intent to commit murder or commits murder or attempts to commit murder." [1] The court also included in the charge the following definition

effective consent includes consent by a person legally authorized to act for the owner. Consent is not effective if given by a person the actor knows is not legally authorized to act for the owner.

Tex.Penal Code § 1.07(a)(19)(B).

█ Appellant contends that the Court of Appeals erred in holding that an individual's participation in an offense affects the nature of that individual's consent thereby rendering it ineffective. Under the facts of this case, we agree with the Court of Appeals. Consent is not effective "if given by a person the actor knows is not legally authorized to act for the owner." *See* Tex. Penal Code Ann. §§ 30.02(a)(1) and 1.07(a)(19). Appellant testified that he did not have Vernon or Rosalyn Caldwell's permission to be in their home. He further testified that he knew Krissi's parents disapproved of his relationship with their daughter and that the only time he went to the Caldwell residence was when Krissi's parents were not home. Krissi and appellant conspired to murder Krissi's parents and appellant's entry into the Caldwell home was specifically to carry out their plan. Appellant could not reasonably have believed that Krissi was "legally authorized to act" for her parents in consenting to appellant's entry for the purpose of killing them. As such, Krissi's participation in the offense rendered her consent ineffective. *Cf. Franklin v. Jackson,* 847 S.W.2d 306, 309 (Tex.App.—El Paso 1992, writ denied) (noting illegal contract in which parties undertake to do an act forbidden by law is invalid agreement); *Polland & Cook v. Lehmann,* 832 S.W.2d 729, 743 (Tex.App.—Houston [1st Dist.] 1992, writ denied) (stating public policy dictates "ex dolo malo non oritur actio," which translates:

---

1. Appellant, for the first time on petition to this Court, argues that Krissi met the Texas Penal Code definition of owner. The jury, however, was not instructed on the Penal Code's definition of "owner." Moreover, appellant did not request an instruction on the term nor did he complain about the absence of such an instruction on direct appeal. Because a reviewing court measures the sufficiency of the evidence by the

charge that was actually given, as the court of appeals has correctly done in this case, any debate on Krissi's status as an "owner" is not before us. *See Boozer v. State,* 717 S.W.2d 608 (Tex.Crim.App.1984); *see also Farrell v. State,* 864 S.W.2d 501, 503 (Tex.Crim.App.1993) (stating this Court's review limited to decisions of the courts of appeals).

no court will lend aid to one who founds his cause of action upon immoral or illegal acts).

At least one other state court has shared this view. In *State v. Upchurch*, 332 N.C. 439, 421 S.E.2d 577 (1992), the North Carolina Supreme Court was faced with a fact situation similar to the one in the instant case. The defendant in *Upchurch* conspired with the victim's stepson to enter his stepfather's home and murder his stepfather and mother. The defendant contested his burglary conviction, claiming the agreement between him and the victim's stepson furnished the consent needed to enter the stepfather's home, and therefore, established a defense to burglary.[2] *Id.*, 421 S.E.2d at 587. The court rejected the defendant's argument, stating that "[w]hen [the stepson] began to plot his parents' death, both he and the defendant could not reasonably have believed the stepson had any authority to give valid consent for entry for the purposes of their conspiracy." *Id.* at 588; *see Fotopoulos v. State*, 608 So.2d 784, 793 (Fla.1992), *cert. denied*, 508 U.S. 924, 113 S.Ct. 2377, 124 L.Ed.2d 282 (1993) (holding son-in-law of owner and occupant of dwelling had no legal or moral authority to consent to entry by co-conspirator for purpose of murdering another occupant).

Viewing the evidence in the light most favorable to the verdict, any rational trier of fact could conclude that appellant did not have consent to enter Krissi's parents' home to kill them.

For the reasons stated herein, we agree with the Court of Appeals that the evidence was sufficient to support the jury's finding that appellant committed the murder while "in the course of committing or attempting to commit the offense of burglary of a habitation of Vernon Caldwell." The judgment of the Court of Appeals is affirmed.

CLINTON, J., concurs in the result.

2. Under the law relied upon in *Upchurch*, one of the requirements for a conviction of burglary in the first degree is that entry into the dwelling must be without the consent of anyone authorized to give consent. *State v. Person*, 298 N.C. 765, 259 S.E.2d 867, 868 (1979).

MEYERS, J., dissenting.

The judgment of the Court of Appeals should not be affirmed. Indeed, the majority so completely evades and uncomplicates the issue presented here that the bench and bar will surely wonder why we granted discretionary review in the first place.

Appellant argued in the Court of Appeals that the evidence was insufficient to support his conviction for murder committed during the course of burglary because he entered the residence of the deceased with consent of her daughter Krissi, an owner of the property as that term is defined by section 1.07(a)(35)(A) of the Texas Penal Code. *See Villanueva v. State*, 711 S.W.2d 739, 740 (Tex.App.—San Antonio 1986), *PDR ref'd* 725 S.W.2d 244 (Tex.Crim.App.1987). The Court of Appeals disposed of this contention by holding that consent to enter premises is not effective if given to assist the commission of a crime. *Gonzales v. State*, 905 S.W.2d 4, 7 (Tex.App.—Eastland 1995). It also observed that Krissi was not authorized to give consent on behalf of her parents to appellant's entry of their home because she intended to help appellant kill them. *Id. See Penal Code* § 1.07(a)(19).

In his petition for discretionary review, appellant contends that Krissi had authority under the Penal Code to permit his entry, not because she was authorized to act for the owner of the property under section 1.07(a)(19), but because she was herself an owner of the property under section 1.07(a)(35)(A). Although this is clearly what we granted discretionary review to decide, the Court instead opts to avoid the question of Krissi's status as an owner of the property upon the ground that the jury was never instructed upon the meaning of "owner" under section 1.07(a)(35)(A).[1] Absent such an instruction, the Court reasons, the jurors in this case were permitted to understand the term according to its common meaning in ordinary parlance. By this reckoning, it

1. " 'Owner' means a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor." Tex. Penal Code § 1.07(a)(35)(A) (some punctuation omitted).

would have been rational for jurors not to regard Krissi as an owner of her parents home and, therefore, to convict appellant of capital murder in spite of Krissi's consent to his entering the house.

In my view, there are at least two things wrong with disposing of the case in this way. In the first place, it openly contradicts a recent opinion of this Court in which we held that jurors may be presumed to understand the special legal meanings of important terms even when they have been given no instruction by the trial judge defining those terms. *Mireles v. State*, 901 S.W.2d 458, 460 (Tex.Crim.App.1995)(plurality opinion)(evidence sufficient to support rational verdict because the phrase "on or about" could have been understood by jurors to mean anytime within the statute of limitations even without an instruction to that effect from the court). Although I disagree with the holding in *Mireles* and hope that it will be abandoned when a majority of the judges on this Court finally weigh in with an opinion on the underlying legal issue, it nevertheless seems a little strange to overrule the *Mireles* holding by necessary implication in a footnote to an opinion deciding an analogous issue without even calling attention to the fact that *Mireles* is recent authority from this Court militating in favor of a contrary result.

In the second place, the Court's argument does not address at all the question upon which we granted discretionary review: whether, if raised by the evidence, consent to entry by an unalleged owner must be disproved by the State before its evidence is sufficient to sustain a burglary conviction. That question, even if it was not specifically decided by the Court of Appeals, was specifically raised by appellant in his brief to that court. Thus, appellant's right to insist in his petition for discretionary review that Krissi was an owner of the property, entitled in her own right to permit the entry of others upon the premises, was not forfeited by him in the Court of Appeals. *Angel v. State*, 740 S.W.2d 727, 729 (Tex.Crim.App.1987)("By failing to present a court of appeals with an issue to decide, a party may waive the opportunity to litigate the same issue before this Court.") In short, he is not raising this issue for the first time on discretionary review. *Cf. Sklar v. State*, 764 S.W.2d 778, 782 (Tex.Crim.App.1987)(opinion on State's motion for rehearing). For this reason, even if we do not resolve the issue of Krissi's status as an owner under the Penal Code, we should at least remand this case to the Court of Appeals for a resolution of the issue instead of simply affirming its decision on a ground different than the one we granted discretionary review to decide. *Sotelo v. State*, 913 S.W.2d 507 (Tex.Crim.App.1995); *Connor v. State*, 877 S.W.2d 325, 327 (Tex.Crim.App. 1994).

In the alternative, if remand is considered improper or undesirable for some reason, the right thing to do would be to dismiss the petition as improvidently granted, not to discuss matters other than those raised by the pleadings. *Leal v. State*, 773 S.W.2d 296 (Tex.Crim.App.1989). This is especially true where, as here, our opinion merely ratifies an unremarkable aspect of the lower court's judgment and makes no meaningful contribution to the law itself.

I do not dispute that we generally lack authority to reach questions other than those necessary to a review of the lower court's decision. But I am also committed to the belief that, in an adversary system, we should not address questions other than those raised by the parties in their petitions for discretionary review. When we do, we not only clutter the law with needless writing, but we also waste valuable temporal and monetary resources both of this Court and of the litigants who appear before it. Our time would be far better spent taking care to select for discretionary review only those issues which are truly of great contemporary concern to the criminal jurisprudence of this State and to write helpful, authoritative opinions resolving those issues.

For these reasons, I dissent.