NO. 07-08-0400-CR

NO. 07-08-0401-CR

NO. 07-08-0402-CR

                                                      NO. 07-08-0403-CR

NO. 07-08-0404-CR

NO. 07-08-0405-CR

NO. 07-08-0406-CR

NO. 07-08-0407-CR

NO. 07-08-0408-CR

NO. 07-08-0409-CR 

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

 

JANUARY 27, 2009

______________________________

ILDEFONSO SANTIAGO MARTINEZ, 

Appellant

v.

THE STATE OF TEXAS, 

Appellee

______________________________

FROM THE 251
ST
 DISTRICT COURT OF POTTER COUNTY;

    NOS. 56,136-C, 57,334-C, 57,335-C, 57,336-C, 57,337-C,

     57,338-C, 57,339-C, 57,340-C, 57,341-C and 57,342-C;

                     HON. ANA ESTEVEZ, PRESIDING

_______________________________

MEMORANDUM OPINION

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

After a jury trial, appellant Ildefonso Santiago Martinez was convicted of eight counts of aggravated sexual assault and two counts of indecency with a child.  Punishment was assessed by the jury at life imprisonment for each count of aggravated sexual assault and twenty years imprisonment for each count of indecency with a child with the sentences to run consecutively.  

Appellant’s appointed counsel has filed motions to withdraw, together with an 
Anders’
(footnote: 1) 
brief, wherein he certifies that, after diligently searching the record, he has concluded that appellant’s appeals are without merit.  Along with his brief, he has provided a copy of a letter sent to appellant informing him of counsel’s belief that there was no reversible error and of appellant’s right to file a response 
pro se.  
By letter dated December 12, 2008, this court also notified appellant of his right to file a response by January 12, 2009, if he wished to do so.  To date, we have received neither a response nor a request for extension of time to file one.  

In compliance with the principles enunciated in 
Anders
, appellate counsel discussed various phases of the trial including pre-trial and voir dire, the guilt/innocence phase, the charge conference and the court’s charge, final arguments on guilt/innocence, and the punishment phase.  In doing so, he analyzed why he perceived there to be no reversible error during each phase.  He also discussed whether the evidence was sufficient to support the verdicts and whether the stacking of appellant’s sentences constituted cruel and unusual punishment, but again he concluded there was no reversible error.  Thereafter, we conducted our own review of the record to assess the accuracy of appellate counsel’s conclusions and to uncover any reversible error pursuant to 
Stafford v. State, 
813 S.W.2d 503 (Tex. Crim. App. 1991) and concluded the same.  

Accordingly, the motions to withdraw are granted, and the judgments are affirmed. 

Brian Quinn 

          Chief Justice

Do not publish.  the lights were off, although they had been on when she left.  When she went inside, she discovered the televisions were missing.  She later discovered a bracelet and a gold watch were also missing.  Amador denied knowing appellant or that she had ever given him permission to enter her house.  She did not know that the window had been broken in the rear of the house until the police officer discovered it.  She claimed it had not been broken when she left for work.  

Amador admitted that her husband, from whom she was separated at the time of the burglary, would often have friends over on the weekend to drink, although she believed she knew his friends.  She stated that appellant was not a friend and she had never seen him prior to being shown his picture in a photograph spread.  The Sunday prior to the burglary, her husband had someone else at the house with him, but she did not know who it was.  She also agreed that the week of the burglary her husband could have come into the house because he had a spare key.  Amador further admitted that she did not know all of her husband’s friends.  Additionally, she told the police officer that only she and her baby lived in the house.  

Appellant testified that he knew Amador’s husband and that he had been to the house with him a few days before being arrested.  They were there for about 30 minutes and used some cocaine.  He claimed that although Amador’s husband had a key, he could not get it to work at first, so appellant tried to open the kitchen window when Amador’s husband warned him it was broken.  However, appellant grabbed the window to remove broken glass from when Amador’s husband allegedly broke it sometime prior to April 19.  These actions caused his fingerprints to be on both the inside and outside of the window.  Appellant also claimed he had been at the house one other time and Amador had seen him there.  He denied taking any property from the house.    

Matthews was recalled on rebuttal to testify that appellant told him he did not know anyone who lived at the residence or that he had ever been in the residence.   Matthews stated appellant did not tell him about the window being broken prior to April 19, or that he had been doing drugs in the house.

In his first issue, appellant claims the evidence raises the issue of whether the complainant’s husband consented to appellant’s entry into the house because there was no testimony contradicting the fact that the husband had access to the house.  
When there is more than one owner of property, the State has to allege and prove ownership in only one of them.  Tex. Code Crim. Proc. Ann. art. 21.08 (Vernon 1989).  Further, it has been held that when the owner testifies entry was without consent, it is not necessary for the wife of the owner to also state that the entry was without consent.  
Dykes v. State
, 657 S.W.2d 796, 797 (Tex.Crim.App. 1983).

Lack of consent may be proven by circumstantial evidence.  
Schenk v. State
, 652 S.W.2d 509, 510 (Tex.App.--Houston [1
st
 Dist.] 1983, pet. ref’d).  In this instance, there was direct testimony from Amador that she did not give appellant consent to enter her house, she did not know him and had never seen him before the burglary, and she did not know him to be a friend of her husband.  There was also contradicting testimony from appellant that he was acquainted with Amador’s husband, who gave consent to enter the house.  Further, Amador could not state that her husband had not been in the house the week of the burglary or that she knew all of his friends.  

Appellant relies on 
Villanueva v. State
, 711 S.W.2d 739 (Tex.App.--San Antonio 1986, pet. ref’d), as authority that the evidence is insufficient to show lack of consent.  In that case, the owner’s children were residing with her at the time of the burglary.  Although she testified that she did not give the defendant consent, she admitted that he was an acquaintance of her son David and had been in the house several times.  Another son testified that he saw David and the defendant come into the house the night before and the next morning saw the defendant run out of the house with a television.  The defendant testified he entered with David’s consent while David himself did not testify.  The court found that the owner’s children were in control and possession of the residence at that time, and in view of the uncontradicted testimony that the defendant entered with consent, the State failed to prove lack of consent beyond a reasonable doubt.  
Id. 
at 740.

We believe the facts before us are distinguishable because, in this instance, there was rebuttal testimony from the police officer that appellant told him he did not know anyone in the house and had not been in the house, thereby contradicting appellant’s claim that he knew Amador’s husband and entered the house on two occasions with the consent of her husband.
(footnote: 1)  It was within the province of the jury to weigh the conflicting testimony and determine the credibility of appellant.  Thus, Amador’s and Matthews’s testimony, if believed, was sufficient to show a lack of consent.  Appellant’s first issue is overruled.        

In his second issue, appellant asserts the evidence is legally insufficient to prove he attempted to commit or committed theft.  He argues there is no evidence to connect him with any stolen property because none was recovered, no one saw him with any stolen property, and he did not have any cash or drugs on him at the time of his arrest.  The evidence only shows his presence at the scene of the crime which, he posits, is not sufficient to support a conviction.  

It is true that the mere presence of an accused at the crime scene will not support a conviction, but it is a circumstance tending to prove guilt which, when combined with other facts, may suffice.  
Johnson v. State
, 537 S.W.2d 16, 18 (Tex.Crim.App. 1976).  As already noted, there were no witnesses to the burglary, appellant was not observed at the crime scene, and none of the stolen items were found in appellant’s possession.  Evidence was presented that appellant’s fingerprints were found both inside and outside a window that the complainant testified had not been broken prior to her leaving for work.  Items immediately by the window on the inside of the house were “knocked around.”  Several pieces of property, including two television sets, were also missing when the complainant returned from work.     

There is a line of cases holding that fingerprint evidence is sufficient to sustain a conviction if the evidence shows that the prints were necessarily made at the time of the burglary.  
Bowen v. State, 
460 S.W.2d 421, 423 (Tex.Crim.App. 1970); 
Dues v. State, 
456 S.W.2d 116, 117 (Tex.Crim.App. 1970); 
Guzman v. State
, 732 S.W.2d 683, 685 (Tex.App. --Corpus Christi 1987, no pet.).
  The Court of Criminal Appeals has since abandoned the standard of review in effect at the time 
Bowen 
and 
Dues
 were decided, which was that evidence is insufficient to support a conviction if there exists a reasonable hypothesis other than appellant’s guilt.
  The standard of review we must use is that which we have already explicated and its state progeny.
   

The evidence is undisputed that appellant’s fingerprints were found on both the outside and inside of the window.  Appellant offered an explanation at trial for the presence of his fingerprints.  This explanation included a statement that the window had been broken for some time prior to the date of the burglary, which the complainant denied, and that he had been previously seen by the complainant in the house with her husband, which she also denied.  There was also evidence that appellant claimed to police he never had been inside the house or to have known the persons living there. Thus, the jury had before it conflicting evidence as to whether the prints were made at the time of the burglary or some other time.  However, the evidence in the light most favorable to the verdict would allow a rational trier of fact to find appellant committed a theft.  Appellant’s second issue is overruled.

Having overruled both of appellant’s issues, we affirm the judgment of the trial court.

John T. Boyd

 Chief Justice

Do not publish.             

FOOTNOTES
1:
See Anders v. California, 
386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  

1: