PD-1481-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/13/2015 5:19:19 PM
Accepted 11/16/2015 3:19:06 PM
ABEL ACOSTA
CLERK

NO. _____

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

_____

RALPH PENA LUERA, PETITIONER

VS.

THE STATE OF TEXAS

_____

PETITION IN CAUSE NO. 5525 FROM THE 100TH JUDICIAL
DISTRICT COURT OF CARSON COUNTY, TEXAS
AND
THE COURT OF APPEALS FOR THE SEVENTH DISTRICT OF
TEXAS AT AMARILLO, TEXAS, NO. 07-14-00111-CR

_____

PETITION FOR DISCRETIONARY REVIEW

_____

Respectfully submitted,

BIRD, BIRD & RABE
ATTORNEYS AT LAW
P.O. BOX 1257
CHILDRESS, TEXAS 79201

BY: /s/ Dale A. Rabe, Jr.
    DALE A. RABE, JR.,
    ATTORNEY FOR PETITIONER

    TELEPHONE NO.:   940-937-2543
    FACSIMILE NO.:   940-937-3431
    E-MAIL: birdbirdrabe@gmail.com
    STATE BAR NO.:   24027638

FILED IN
COURT OF CRIMINAL APPEALS

November 17, 2015

ABEL ACOSTA, CLERK

IDENTITY OF THE JUDGE, PARTIES, AND COUNSEL

**TRIAL JUDGE:**      Hon. Stuart Messer
P.O. Box 887
Clarendon, Texas  79226
806-874-0122
806-874-5146 (Facsimile)

**APPELLANT:**      Mr. Ralph Pena Luera
TDCJ #01918244
1536 East IH-10
Fort Stockton, Texas 79735

TRIAL COUNSEL:    Mr. Earl Griffin, Jr.
127 Avenue B, NW
P.O. Box 730
Childress, Texas  79201
940-937-6474
940-937-6020 (Facsimile)
egriffinattorney@yahoo.com

APPELLATE COUNSEL:  Mr. Dale A. Rabe, Jr.
109 Avenue B, NE
P.O. Box 1257
Childress, Texas  79201
940-937-2543
940-937-3431 (Facsimile)
birdbirdrabe@gmail.com

**APPELLEE:**      State of Texas

TRIAL COUNSEL/APPELLATE COUNSEL:
Mr. Luke Inman
800 West Avenue, Box 1
Wellington, Texas  79095
806-447-0055
866-233-2738 (Facsimile)
luke.inman@windstream.net

TABLE OF CONTENTS

Identity of the Judge, Parties, and Counsel     2

Table of Contents                               3

Index of Authorities                            4

Statement Regarding Oral Argument               5

Statement of the Case                           5

Statement of Procedural History                 6

Ground for Review:                              7

    IS EFFECTIVE CONSENT TO ENTER A HABITATION CONDITIONED ON CONSENT FROM SOMEONE WHO HAS AN OWNERSHIP INTEREST IN THE HABITATION OR IS CONSENT FROM A PERSON IN POSSESSION OF THE HABITATION SUFFICIENT?

Argument                                        7

Prayer for Relief                               8

Appendix                                        10

Certificate of Compliance                       11

Certificate of Service                          11

INDEX OF AUTHORITIES

**CASES**

*Ex parte Davis*, 542 S.W.2d 192
(Tex. Crim. App. 1976)                                7

*Villanueva v. State*, 711 S.W.2d 739
(Tex. App.—San Antonio 1986),
*pet. ref'd per curium*,
725 S.W.2d 244 (Tex. Crim. App. 1987)                7

NO. _____

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

_____

RALPH PENA LUERA, PETITIONER

VS.

THE STATE OF TEXAS

_____

PETITION IN CAUSE NO. 5525 FROM THE 100TH JUDICIAL
DISTRICT COURT OF CARSON COUNTY, TEXAS
AND
THE COURT OF APPEALS FOR THE SEVENTH DISTRICT OF
TEXAS AT AMARILLO, TEXAS, NO. 07-14-00111-CR

_____

**PETITION FOR DISCRETIONARY REVIEW**

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL

APPEALS OF TEXAS:

STATEMENT REGARDING ORAL ARGUMENT

The ground for review herein involves

interpretation of case law. Oral argument may

prove helpful to the Court.

STATEMENT OF THE CASE

The Petitioner, Ralph Pena Luera, was charged

by indictment with the offense of burglary of a

5

habitation which was enhanced to a first degree felony due to prior convictions. Petitioner pleaded not guilty to the offense alleged in the indictment. The Carson County, Texas, jury found Ralph Luera guilty of burglary of a habitation. The same jury found the enhancement paragraphs true and assessed punishment at forty-five years in the Texas Department of Criminal Justice-Institutional Division. The court of appeals affirmed the judgment and sentence. This Petition challenges the holding of the Seventh Court of Appeals.

STATEMENT OF PROCEDURAL HISTORY

The court of appeals rendered its decision affirming the judgment of the trial court on September 16, 2015.

Petitioner filed his Motion for Rehearing on October 1, 2015.

Petitioner's Motion for Rehearing was overruled on October 14, 2015.

6

<u>GROUND FOR REVIEW</u>

IS EFFECTIVE CONSENT TO ENTER A HABITATION CONDITIONED ON CONSENT FROM SOMEONE WHO HAS AN OWNERSHIP INTEREST IN THE HABITATION OR IS CONSENT FROM A PERSON IN POSSESSION OF THE HABITATION SUFFICIENT?

<u>ARGUMENT</u>

It is respectfully submitted that the court of appeals erred in holding that Petitioner lacked effective consent to enter the home of the alleged victim in the case at bar.

Petitioner respectfully submits that the Seventh Court of Appeals erred in its application of *Villanueva* to the case at bar. *Villanueva v. State*, 711 S.W.2d 739 (Tex. App.—San Antonio 1986), *pet. ref'd per curium*, 725 S.W.2d 244 (Tex. Crim. App. 1987). As noted in *Villanueva*, ownership is not restricted to those persons having title interest in property, but can include those in possession. *Id., citing Ex parte Davis*, 542 S.W.2d 192, 195 (Tex. Crim. App. 1976). In this case, Petitioner reasonably relied on Roper's past dealings with her

7

sister, as noted in Petitioner's statement that was introduced into evidence as State's Trial Exhibit 5, that Roper had apparent authority and constructive possession of Julie Preston's house while Julie Preston was on vacation. Therefore, as argued in Petitioner's brief in the Seventh Court of Appeals, the evidence was insufficient to convict Appellant of burglary of a habitation.

Based on the foregoing, Petitioner respectfully requests this Honorable Court grant his Petition for Discretionary Review.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, PREMISES CONSIDERED, the Petitioner respectfully prays this Court grant this Petition and, upon reviewing the judgment entered below, reverse this cause and remand this case for a new trial.

Respectfully submitted,

BIRD, BIRD & RABE
ATTORNEYS AT LAW
P.O. BOX 1257
CHILDRESS, TEXAS 79201


BY: /s/ Dale A. Rabe, Jr.
DALE A. RABE, JR.,
ATTORNEY FOR PETITIONER

TELEPHONE NO.:    940-937-2543
FACSIMILE NO.:    940-937-3431
E-MAIL: birdbirdrabe@gmail.com
STATE BAR NO.:    24027638

9

<u>APPENDIX</u>

1.  Letter from Court of Appeals September 16, 2015

2.  Judgment, Trial Court's Rulings Affirmed

3.  Memorandum Opinion

10

CERTIFICATE OF COMPLIANCE

I hereby certify that the above and foregoing Petition for Discretionary Review is 997 words in its completion, signed on this the 13th day of November, 2015, in accordance with the rules governing same.

/s/ Dale A. Rabe, Jr.
DALE A. RABE, JR.


CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Petition for Discretionary Review was delivered as indicated below on this the 13th day of November, 2015, to the following:

Mr. Luke Inman                    VIA E-SERVICE
District Attorney
800 West Avenue, Box 1
Wellington, Texas  79095

Mr. Ralph Luera                   VIA U.S. MAIL
TDCJ #01918244
1536 East IH-10
Fort Stockton, Texas  79735

/s/ Dale A. Rabe, Jr.
DALE A. RABE, JR.

11



## Court of Appeals

**Seventh District of Texas**
**Potter County Courts Building**
**501 S. Fillmore, Suite 2-A**
**Amarillo, Texas 79101-2449**
**www.txcourts.gov/7thcoa.aspx**

BRIAN QUINN
Chief Justice

JAMES T. CAMPBELL
Justice

MACKEY K. HANCOCK
Justice

PATRICK A. PIRTLE
Justice

VIVIAN LONG
Clerk

MAILING ADDRESS:
P. O. Box 9540
79105-9540

(806) 342-2650

September 16, 2015

Dale A. Rabe
BIRD, BIRD & RABE
P.O. Box 1257
Childress, TX 79201-1257
* DELIVERED VIA E-MAIL *

Luke McLean Inman
District Attorney
800 West Ave., Box 1
Wellington, TX 79095
* DELIVERED VIA E-MAIL *

**RE:** Case Number: 07-14-00111-CR
Trial Court Case Number: 5525-A

**Style:** Ralph Pena Luera v. The State of Texas

Dear Counsel:

The Court this day issued an opinion and judgment in the captioned cause. TEX. R. APP. P. 48.

In addition, pursuant to Texas Government Code, Sec. 51.204(b)(2), exhibits on file with this Court, **if any**, will be destroyed three years after final disposition of the case or at an earlier date if ordered by the Court.

Very truly yours,

*Vivian Long*

VIVIAN LONG, CLERK

xc:   Honorable Stuart Messer (DELIVERED VIA E-MAIL)
      Celeste Bichsel (DELIVERED VIA E-MAIL)

FILE COPY

No. 07-14-00111-CR

| | | |
|---|---|---|
| Ralph Pena Luera<br>　Appellant | § | From the 100th District Court<br>　of Carson County |
| | § | |
| v. | | September 16, 2015 |
| | § | |
| The State of Texas<br>　Appellee | § | Opinion by Justice Campbell |
| | § | |

## J U D G M E N T

Pursuant to the opinion of the Court dated September 16, 2015, it is ordered, adjudged and decreed that the judgment of the trial court be affirmed.

Inasmuch as this is an appeal *in forma pauperis*, no costs beyond those that have been paid are adjudged.

It is further ordered that this decision be certified below for observance.

o O o



# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-14-00111-CR
_____

RALPH PENA LUERA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Carson County, Texas
Trial Court No. 5525-A, Honorable Stuart Messer, Presiding

September 16, 2015

MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

A jury convicted appellant Ralph Pena Luera of burglary of a habitation and assessed punishment, enhanced, at forty-five years' confinement in prison.[1] Appellant presents two issues on appeal, arguing the State failed to prove he lacked the effective consent of the owner of the house, and the evidence was insufficient to prove the prior

---

[1] See TEX. PENAL CODE ANN. § 30.02(a)(1) (West 2011) (burglary); § 12.42(d) (West Supp. 2014) (enhancement of term of incarceration).

convictions for enhancement of punishment. We find in both instances the evidence was sufficient, and affirm the judgment.

## Background

Alvin Preston and his wife Julie Preston[2] became acquainted with appellant through her sister Jamie Roper. Roper and appellant are the parents of a child. On three or four occasions prior to August 20, 2013, appellant and Roper visited the Prestons' home together. Julie at times allowed appellant to borrow the family's laptop computer.

Roper once had a key to the Preston home and had permission to enter when the Prestons were gone. After the key was lost, Julie gave Roper permission to enter her home through a window. Julie had no objection to Roper entering the house in this way, if Roper first notified her. Julie testified appellant did not have permission to enter her home. She said appellant had no reason to be in her home and she did not trust him. Alvin Preston testified that appellant did not have permission to enter the Preston home in his absence or the absence of his family.

On August 20, 2013, the Prestons took an out-of-state vacation. During their vacation, Roper sent Julie a text message stating Roper had left her makeup at the Preston home. Julie responded that Roper was "out of luck" because the house was locked. She would have to wait. According to Julie's testimony appellant did not have permission to borrow the Preston's laptop computer while they were on vacation.

---

[2] For clarity, we sometimes will refer to the Prestons by their given names.

When the Prestons returned from vacation they noticed their laptop computer and a pistol were missing from their home. They contacted the sheriff's department. An investigation ensued, and a deputy interviewed Roper and appellant.

According to the deputy's testimony, appellant told him he entered the Preston residence through a kitchen window and took the Prestons' laptop computer without permission. In another interview with the deputy, appellant admitted taking a pistol from the residence.

Appellant did not testify at trial. The State's evidence included a written statement appellant gave law enforcement, saying he entered the residence to retrieve the makeup because Roper told him it was "okay." The written statement also includes the assertions he previously used the Prestons' laptop computer "a lot" and that he took it on this occasion to use it. He further wrote that on a prior occasion he and Roper entered the Prestons' locked residence through a window, with Julie's permission.

The indictment alleged "[appellant] on or about the 20th day of August, 2013 . . . did then and there: with intent to commit theft, enter a habitation, without the effective consent of Julie Preston, the owner thereof."

The application paragraph in the jury charge at the guilt-innocence phase of trial stated:

> You must determine whether the state has proved, beyond a reasonable doubt, four elements. The elements are that-
>
> > 1. The Defendant, in Carson County, Texas, on or about the 20th day of August, 2013 entered a place, and

3

2. The place entered was a habitation owned by Julie Preston; and

3. Julie Preston, the owner of the habitation, did not effectively consent to this entry; and

4. The Defendant entered with intent to commit a theft.

If you all agree the state has proved, beyond a reasonable doubt, each of the four elements listed above, you must find the Defendant "guilty" of Burglary of a Habitation.

After the jury found appellant guilty of the charged offense, at the punishment phase it also found the two enhancement convictions true and assessed punishment as noted. Sentence was imposed accordingly.

Analysis

First Issue

By his first issue, appellant asserts the State's evidence that he entered the residence without Julie Preston's effective consent was insufficient. Appellant contends in essence that he reasonably "was under the assumption" Roper was authorized to give him permission to enter the residence to retrieve her makeup, because of the prior dealings among the Prestons, Roper and appellant.

In reviewing whether the evidence is sufficient to support a criminal conviction, we apply the standard articulated in *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *Brooks v. State,* 323 S.W.3d 893, 894-95 (Tex. Crim. App. 2010). Under that standard, a reviewing court views all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have

4

found the essential elements of the offense beyond a reasonable doubt. *Wise v. State,* 364 S.W.3d 900, 903 (Tex. Crim. App. 2012); *Brooks,* 323 S.W.3d at 894-95, (citing *Jackson,* 443 U.S. at 319). The jury was the exclusive judge of witness credibility and the weight assigned their testimony and was free to choose to believe all, some or none of the evidence presented. *Lancon v. State,* 253 S.W.3d 699, 707 (Tex. Crim. App. 2008). If the record contains conflicting inferences, we must presume the jury resolved such facts in favor of the verdict and defer to that resolution. *Id.* On appeal, we serve only to ensure the jury reached a rational verdict, and we may not reevaluate the weight and credibility of the evidence produced at trial and in so doing substitute our judgment for that of the fact finder. *King v. State,* 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). The sufficiency standard is the same for both direct and circumstantial evidence. *Wise,* 364 S.W.3d at 903. For the evidence to be sufficient, the State need not disprove all reasonable alternative hypotheses that are inconsistent with the defendant's guilt. *Id.* Rather, a court considers only whether the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence when considered in the light most favorable to the verdict. *Id.*

A person commits burglary of a habitation when he, without the effective consent of the owner, enters a habitation with intent to commit theft. TEX. PENAL CODE ANN. § 30.02(a)(1). "Consent" means assent in fact, whether express or apparent. TEX. PENAL CODE ANN. § 1.07(a)(11) (West Supp. 2014). "Effective consent" includes consent by a person legally authorized to act for the owner. TEX. PENAL CODE ANN. § 1.07(a)(19). An "owner" includes a person who "has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor."

5

TEX. PENAL CODE ANN. § 1.07(a)(35)(A). The Penal Code definition of "effective consent" also includes the statement of circumstances in which consent is not effective. One of those circumstances is consent "given by a person the actor knows is not legally authorized to act for the owner." TEX. PENAL CODE ANN. § 1.07(a)(19)(B).

The court's charge instructed the jury that consent to an entry is effective if it is given by "a person not the owner but who is believed by the Defendant to be legally authorized to act for the owner."[3]

It is undisputed that Julie Preston and Alvin Preston own the home. The Prestons each testified that appellant did not have their permission to enter their home. Julie testified that on previous occasions she had authorized Roper to enter the home when it was locked, through a window. Neither of the Prestons testified they had ever authorized appellant to enter their home when they were not present, nor did they testify they had authorized Roper to permit appellant to enter their home.

As noted, appellant wrote in his statement that he and Roper once entered the locked home through a window, with Julie's permission. And, he wrote that Roper told him it was "okay" to enter the Preston home to retrieve her left-behind makeup. The court's charge authorized the jury to find appellant had effective consent to enter the home if it was given by a person he believed to be legally authorized to act for the owner. If the jury found Roper consented to his entry and that *he believed* she was legally authorized to act for the Prestons, it was authorized to find his entry was with

---

[3] The instruction required also that, to be effective, the consent may not be induced by force, threat or fraud or given by a person who by reason of youth, mental disease or defect, or intoxication is known by the Defendant to be unable to make reasonable decisions.

6

effective consent. But the jury heard that version only in appellant's written statements. Neither appellant nor Roper testified. In the exercise of its role as the judge of the credibility of witnesses, the jury was not required to believe appellant's assertions in his written statements.

In support of his position, appellant cites *Munns v. State,* 412 S.W.3d 95 (Tex. App.—Texarkana 2013, no pet.); *Villanueva v. State,* 711 S.W.2d 739 (Tex. App.—San Antonio 1986)*, pet. ref'd per curiam,* 725 S.W.2d 244 (Tex. Crim. App. 1987); *Eppinger v. State,* 800 S.W.2d 652 (Tex. App.—Austin 1990, pet refused). We find each of these cases inapposite and therefore of no help to appellant.

Under the *Jackson v. Virginia* standard we find the evidence sufficient for a rational jury to find beyond a reasonable doubt that appellant did not have the effective consent of the owner to enter the Preston home. Appellant's first issue is overruled.

Second Issue

By his second issue, appellant argues the evidence was insufficient to link him to two prior convictions for enhancement of punishment.

The State sought enhancement of the punishment range by proof of two prior felony convictions.[4] Appellant plead not true to the alleged prior convictions so the State assumed the burden of proof. Its supporting evidence included appellant's

---

[4] In part relevant to this discussion, Penal Code section 12.42(d) provides if it is shown on the trial of a felony offense that the defendant was previously convicted of two felony offenses, and the second previous felony conviction was for an offense that occurred subsequent to the first previous conviction becoming final, on conviction the defendant shall be punished by imprisonment for life, or for any term of not more than 99 years or less than 25 years. TEX. PENAL CODE ANN. § 12.42(d).

7

penitentiary packet or "pen packet,"[5] admitted into evidence as State's punishment exhibit one, a card bearing appellant's fingerprints taken on the morning of trial, marked as State's punishment exhibit two, and the testimony of a chief deputy sheriff with training in fingerprint comparison. The chief deputy took the set of appellant's fingerprints appearing on State's exhibit two.

State's exhibit one, the pen packet, consists of the affidavit of the chairman of classification and records for the Texas Department of Criminal Justice-Correctional Institutions Division certifying the pen packet under the seal of the State of Texas; a card bearing photographs of appellant along with his name and the number 651738; nine judgments; and a fingerprint card.

The pen packet contains the two judgments the State relied on for enhancement. The first judgment is from the 22nd District Court of Hays County, Texas, bearing cause number CR-92-590. The style of the case is "State of Texas vs. Ralph Pena Luera." The instrument states the defendant was convicted of burglary of a building and sentenced to twenty years in prison. Sentence was imposed on December 21, 1992, and the judgment was signed on the same date. The defendant's name appears only in the style of the case and the judgment contains no fingerprint or other information otherwise identifying the defendant.

The second judgment is from the 181st District Court of Potter County, Texas, bearing cause number 62,535-B. The style of the case is "The State of Texas vs. Ralph

---

[5] A "pen packet" is the document compiled by a prison official based on other primary documentation received from the clerk of the convicting court. *Flowers v. State,* 220 S.W.3d 919, 923, n.14 (Tex. Crim. App. 2007); *Cuddy v. State,* 107 S.W.3d 92, 96 (Tex. App.—Texarkana 2003, no pet.).

8

Pena Luera." The instrument recites the defendant plead guilty to "evading arrest with vehicle with previous conviction" and was sentenced by the trial court to two years in prison and a $500 fine. According to the judgment, sentence was imposed on November 8, 2010, and the judgment was signed on November 10, 2010. On the second page of the judgment, beneath the printed and cursively written name "Ralph Luera," appears a fingerprint designated "Defendant's right thumbprint." The front page of the judgment also bears the notation "State ID No.: TX04637661," which ID number also appears on the pen packet fingerprint card.

The chairman's affidavit in the pen packet refers to "the attached information provided on inmate Luera, Ralph, TDCJ/BPP# 651738. It further states "cause# . . . CR92590(2 COUNTS) . . . 62535B, are true and correct copies of the original records now on file in my office in the regular course of business . . . ." The copy of the Potter County judgment was certified by the trial court clerk, but the Hays County judgment bears no certification by the trial court clerk.

According to the testimony of the chief deputy, once an individual sentenced to a term of confinement reaches the penitentiary, his fingerprints are taken. When requested, the Department assembles the individual's pen packet which includes the inmate's most recent fingerprint exemplar and all judgments in the Department's possession affecting him.

Concerning his comparison of appellant's fingerprints, the chief deputy testified to the effect that the prints on the fingerprint card attached to the pen packet and the prints of appellant appearing on State's exhibit two were made by the same person. Later in

testimony, the chief deputy affirmed, based on his comparison of the fingerprint card attached to appellant's pen packet, appellant is the same person convicted in the nine judgments included in his pen packet.

Appellant argues the Hays County judgment lacks sufficient information to identify him as the defendant there convicted. As for the Potter County judgment, appellant contends that even though the pen packet copy was certified by the clerk of the convicting court and contains the defendant's fingerprint it fails to link appellant because there was no trial evidence comparing the fingerprint appearing on the judgment with a proven exemplar of appellant's fingerprints.

To sufficiently prove a defendant was convicted of a prior offense, the State must establish the existence of a conviction and link the defendant to the conviction. *Flowers,* 220 S.W.3d at 921; *Beck v. State,* 719 S.W.2d 205, 210 (Tex. Crim. App. 1986). Ordinarily, a certified copy of a judgment, without more, is not sufficient to link a defendant to a prior conviction. *Beck,* 719 S.W.2d at 210. Rather, the State's burden requires independent proof establishing the defendant is the same person named in the prior conviction. *Id.* Proof may be established by "[i]ntroduction of certified copies of the judgment and sentence and record of the Texas Department of Corrections or a county jail including fingerprints of the accused supported by expert testimony identifying them with known prints of the defendant." *Daniel v. State,* 585 S.W.2d 688, 690-91 (Tex. Crim. App. 1979) (citations omitted)*, overruled on other grounds by Littles v. State,* 726 S.W.2d 26, 32 (Tex. Crim. App. 1987) (op. on reh'g).

A pen packet is admissible to show a defendant's prior criminal record provided it is properly authenticated. *Reed v. State,* 811 S.W.2d 582, 586 (Tex. Crim. App. 1991) (op. on reh'g); *Bess v. State,* No. AP-76,377, 2013 Tex. Crim. App. Unpub. LEXIS 334, at *114-16 (Tex. Crim. App. Mar. 6, 2013) (not designated for publication) (citing *Reed,* 811 S.W.2d at 587-88)*, cert. denied,* 134 S. Ct. 899, 187 L. Ed. 2d 788, 2014 U.S. LEXIS 422, 82 U.S.L.W. 3405 (U.S. 2014); TEX. R. EVID. 901 & 902.

Here, appellant's pen packet was properly authenticated under Rule of Evidence 902(4) by the chairman's affidavit. *Reed,* 811 S.W.2d at 586. Additionally, authentication was proper under Rule of Evidence 901(a). *See Reed,* 811 S.W.2d at 587 ("The fact that the records are correct copies of those upon which [the Department] relies in admitting and detaining prisoners at the state correctional facility constitutes extrinsic evidence that the records are what the proponent claims them to be").

The Hays County judgment does not contain the defendant's fingerprint. And the chief deputy did not compare the fingerprint on the Potter County judgment with the exemplar he took from appellant on the morning of trial. Rather, the chief deputy compared the prints contained on the fingerprint card attached to appellant's pen packet with those he took from appellant on the morning of trial. This procedure sufficiently linked appellant to the Hays County judgment and the Potter County judgment.

> An examination of the packet indicates that it consists of certified copies of records of the Texas Department of Corrections pertaining to [the defendant], including the judgment and sentence in five separate convictions and one set of fingerprints. An expert witness testified that the fingerprints contained in the packet matched a set which he had taken from appellant on the same day. The fingerprints are used as a means of insuring that the person on trial is the same one to whom the packet

refers.  The fingerprints refer to the packet as a whole.  This method of proof has been consistently upheld by this Court.

*Cole v. State,* 484 S.W.2d 779, 784 (Tex. Crim. App. 1972); *see Hallmark v. State,* 789 S.W.2d 647, 651 (Tex. App.—Dallas 1990, pet. refused) (explaining the defendant's "fingerprint card in the pen packet refers to the pen packet as a whole" after stating deputy sheriff testified that fingerprints in defendant's pen packet matched the set he took from defendant on the day of trial); *Bridges v. State,* No. 02-06-00418-CR, 2007 Tex. App. LEXIS 7529, at *15-17 (Tex. App.—Fort Worth Sept. 13, 2007, pet. refused) (per curiam, mem. op., not designated for publication) (reviewing cases and holding one set of fingerprints proved by expert testimony sufficiently referred to defendant's entire pen packet).

On this record, the jury received sufficient evidence that appellant was the same person convicted in the Hays County and Potter County judgments.  Appellant's second issue is overruled.

Conclusion

Having overruled appellant's two issues, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

12